**James B. YOUNG, Appellant,**

v.

**Raymond R. KIRSCH, Appellee.**

No. 04–90–00533–CV.

Court of Appeals of Texas,
San Antonio.

June 12, 1991.

Angelini, Karen A., Brock & Mathis, P.C., San Antonio, for appellant.

Patton, Timothy, Pozza & Patton, Michael A. Chovanec, R. Wes Johnson, Chovanec & Johnson, Inc., San Antonio, for appellee.

## OPINION

CHAPA, Justice.

This court, sitting en banc on its own motion, considers the appeal of appellant, James B. Young, from a default judgment rendered in favor of appellee, Raymond R. Kirsch, and the trial court's denial of a motion for new trial. TEX.R.APP.P. 79.

The issues before this court are whether the trial court erred:

1) in denying the motion for new trial;

2) in granting the default judgment when the evidence was legally and factually insufficient to support the default judgment;

3) in rendering the default judgment where the appellee's petition "did not support the judgment"; and,

4) in rendering the default judgment where appellee's petition "did not properly allege Defendant's residence."

On November 20, 1987, Young and Kirsch were involved in an auto accident in San Antonio, Texas. Plaintiff Kirsch's property damage claim was paid, and the claim file was eventually closed. On November 16, 1989, Kirsch filed a lawsuit against Young for personal injury damages. Young was eventually served with suit papers in Boca Raton, Florida on January 24, 1990. Young forwarded these suit papers to his insurance carrier's office in Houston, Texas by regular mail upon his agent's instructions. No answer was filed prior to the default judgment being rendered. Default judgment was taken on May 23, 1990. Young filed a motion for new trial, along with affidavits which set forth facts allegedly entitling him to a new trial. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Although no controverting affidavits were filed by the appellee, depositions, as well as live testimony, were presented to the court at a hearing held on appellant's motion for new trial.[1] Appellant's motion was denied, and judgment was rendered for appellee Kirsch in the amount of $350,000.

Initially, appellant contends that the trial court erred in overruling Young's motion for new trial.

In *Craddock*, the Texas Supreme Court established the guiding rule to be applied in determining whether a new trial should be granted:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock*, 133 S.W.2d at 126.

The appellant argues that the default judgment should have been set aside and a new trial granted because his failure to file an answer was due to accident or mistake and not conscious indifference; further, appellant contends that he demonstrated a meritorious defense and established that the granting of a new trial would occasion no delay and injury. Notwithstanding appellant's assertions, the question of whether the trial court erred in denying a motion for new trial is "directed to the sound discretion of the trial court." *Craddock*, 133 S.W.2d at 126. "[T]he court's ruling on such will not be disturbed on appeal in the absence of a showing of an abuse of

---

1. While the record contains a statement of facts of the hearing on the motion to set aside the judgment, there are no findings of fact or conclusions of law.

that discretion." *Cliff v. Huggins,* 724 S.W.2d 778, 778 (Tex.1987).

However, the trial court's discretion is more limited with regard to the meritorious defense prong of *Craddock. Craddock,* 133 S.W.2d at 126. When the movant "has thus set forth such meritorious defense, supported by such affidavits or other evidence as prima facie to entitle him to a new trial, such new trial should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion." *Cragin v. Henderson County Oil Dev. Co.,* 280 S.W. 554, 555 (Tex.Com.App.1926, holding approved). Likewise, "[w]here factual allegations in a movant's affidavits are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense" and "[i]t is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct." *Strackbein v. Prewitt,* 671 S.W.2d 37, 38–39 (Tex.1984).[2]

 Appellant misplaces his reliance on *Strackbein* for the proposition that appellee's failure to present controverting affidavits in response to appellant's motion for new trial and supporting affidavits requires the trial court to grant a new trial, regardless of any other evidence which may have been presented at the hearing. Although appellant concedes the Texas Supreme Court did not specifically state that *only affidavits* could be considered by the court, appellant, nevertheless, insists that this is the proper interpretation of *Strackbein.* We disagree.

In *Strackbein,* the *only* evidence before the trial court was the affidavits presented in support of the motion for new trial, which, if true, negated intentional or consciously indifferent conduct and set up a meritorious defense. *Strackbein,* 671 S.W.2d at 39. The supreme court expressly stated that "a conscious indifference question must be determined in the same manner as a claim of meritorious defense"

"[w]here factual allegations in a movant's affidavits [as to conscious indifference] are not controverted"; "the trial judge, in considering the motion for new trial, [can] look only to the record before him at that time which include[s] [the movant's] motion for new trial and the affidavits submitted therewith." *Id.* at 38. As recognized by the appellant, the court did not *require* that the movant's affidavits be controverted *only* by counter affidavits, or that the trial court ignore any other evidence. Indeed, appellate courts have used the term "affidavits or *other evidence*" repeatedly when addressing the issue of setting aside a default judgment on the basis of conscious indifference, which must necessarily include documents, depositions, and testimony. *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966) (emphasis added); *Cragin,* 280 S.W. at 555; *Russell v. Northeast Bank,* 527 S.W.2d 783, 788 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Accordingly, our decision must rest on whether the trial judge abused his discretion in denying appellant's motion for new trial in view of "the record before him at that time" which in this case not only included appellant's affidavits, but also depositions and testimony presented by the appellee controverting appellant's affidavits as to the issue of conscious indifference. *Strackbein,* 671 S.W.2d at 38.

In a supplemental brief, appellant cites this court's opinion in *Peoples Sav. & Loan Ass'n v. Barber,* 733 S.W.2d 679, 681 (Tex. App.—San Antonio 1987, writ dism'd by agr.), which appellant says supports his contention that this court should not consider any evidence adduced at the evidentiary hearing other than the affidavits or counter affidavits filed. However, the supreme court granted writ in *Peoples Sav. & Loan Ass'n* on the following point:

> The Court of Appeals erred in reversing the trial court's proper denial of Respondents' Motion for New Trial, because, evidence, which was properly considered, controverted Respondents'

conclusions of law requested or filed, the judgment must be upheld on any legal theory that finds support in the evidence." *Id.* at 38.

---

2. Moreover, the court in *Strackbein* emphasized that "[i]n reviewing the judgment of the trial court where there are no findings of fact and

allegation that their failure to answer was the result of accident or mistake, which evidence supports the trial court's finding of fact that Respondents' failure to answer was intentional or the result of conscious indifference.

31 Tex.Sup.Ct.J. 9 (October 10, 1987). But by agreement of the parties, the writ was dismissed.

We hereby disapprove of the language in *Peoples Sav. & Loan Ass'n*, or any other prior opinion by this court, which suggests that evidence adduced at a hearing to set aside a default judgment, other than affidavits or counter affidavits, may not be considered by the trial court, in determining whether the failure to answer was intentional or the result of conscious indifference, or by the appellate court, in determining whether the trial court abused its discretion.

As such, we find that the evidence properly before the trial court at the hearing on the motion for new trial reflects the following: suit was filed by Kirsch on November 16, 1989; Young was served with citation on or about January 24, 1990; although an answer was due on February 20, 1990, no answer was filed; Young failed to take any action at all until February 26, 1990, thirty-three days after he was served, at which time Young contacted his insurance carrier in San Antonio and notified it of the lawsuit; Kirsch, through his counsel, phoned Young on at least four different occasions, notifying Young that no answer had been filed; between April 17, 1990, when Young phoned his insurance company for the second and last time, and the time the default judgment was entered, Young took no other action; and, on May 23, 1990, four months after Young was originally served, the default judgment was entered. Additionally, there was testimony that Young had previously been employed for twenty years as a stockbroker and manager, and that while so employed, he had been sued on several occasions.

■ Appellant contends that his actions do not amount to conscious indifference. Conscious indifference has been defined as "the failure to take some action which would seem indicated to a person of reasonable sensibilities under the same or similar circumstances". *Sunrizon Homes, Inc. v. Fuller*, 747 S.W.2d 530, 532 (Tex.App.—San Antonio 1988, writ denied); *Johnson v. Edmonds*, 712 S.W.2d 651, 652 (Tex.App.—Fort Worth 1986, no writ); *see also Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615, 618 (Tex.App.—El Paso 1988, no writ); *Holberg v. Short*, 731 S.W.2d 584, 586 (Tex.App.—Houston [14th Dist.] 1987, no writ). Another court has defined conscious indifference to mean that the defendant "was clearly aware of the situation and acted contrary to what such awareness dictated." *Guardsman Life Ins. Co. v. Andrade*, 745 S.W.2d 404, 405 (Tex.App.—Houston [1st Dist.] 1987, writ denied). In *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966), the Texas Supreme Court disapproved a finding of conscious indifference based on a new trial movant's failure to show that the movant's default was "not due to his fault or negligence". Instead, the supreme court reiterated the rule espoused by the court in *Craddock*, which requires the setting aside of a default judgment upon finding that "the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident...." *Craddock*, 133 S.W.2d at 126. Thus, conscious indifference must amount to more than mere negligence to satisfy the *Craddock* rule.

■ In the present case, we fail to see how the trial judge abused his discretion in denying the motion for new trial. This is especially true in view of the constant phone calls from the appellee reminding the appellant of his responsibility to take some action, the fact that the appellant testified he had some prior familiarity with the legal system, and the length of time which lapsed before the default judgment was finally entered. We hold the trial court's finding was based on more than mere negligence and amounted to conscious indifference.

■ Moreover, in the absence of findings of fact and conclusions of law, we must

affirm the judgment on any legal theory that finds support in the evidence. *Strackbein*, 671 S.W.2d at 38. Accordingly, we hold that the appellant has failed in his burden of showing that the trial court abused its discretion in denying the motion for new trial. The point is, therefore, rejected.

Appellant next argues that the evidence was legally and factually insufficient to support the default judgment.

■ In considering a "no evidence" or legal sufficiency point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988); *Garza v. Alviar*, 395 S.W.2d 821, 824 (Tex.1965).

■ In considering a factual sufficiency point, we may not substitute our judgment for that of the jury, but must assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (great weight and preponderance); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). "In considering an 'insufficient evidence' point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony." *Texas Employers' Ins. Ass'n v. Jackson*, 719 S.W.2d 245, 249–50 (Tex.App.—El Paso 1986, writ ref'd n.r.e.), citing *Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 289 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

■ The record further reflects that Dr. Kirsch, a 54 year old dentist, was sitting stationary in his vehicle at the corner of Broadway and Loop 410 when he was struck from the rear by a vehicle driven by Mr. Young. At the time of obtaining the judgment in May of 1990, Dr. Kirsch testified that he had not had a full night of sleep in the two and a half years since the accident, that he had given up all of his previously extensive athletic endeavors, that the pain relievers given to him by his physician created side effects which were equal to or worse than his neck and back problems, that his physician had told him that the only possible alternative would be steroid injections for temporary relief and that the only potential permanent resolution would be a laminectomy and a discectomy. Other evidence before the trial court was that these surgical procedures could cost as much as $25,000 and that Dr. Kirsch would be off work from his private dental practice for approximately three months at a loss of gross income of approximately $15,000 per month, as well as a significant loss of patients who would choose to go to other dentists. Dr. Kirsch also testified that he had been in constant pain for the two and a half years since the accident. Accordingly, the evidence is amply sufficient to support the default judgment that the rear end collision was caused by the negligence of Mr. Young and that Dr. Kirsch suffered significant damages to his professional practice, his enjoyment of life, and the physical structure of his body. Although a different factfinder might have arrived at a higher or lower figure, the $350,000 does not appear excessive in light of the evidence presented. The point is rejected.

■ Appellant also contends that the appellee's original petition does not support the default judgment. Specifically, appellant contends that the petition is fatally defective because it "failed to specify the amount of damages [appellee] was claiming" and "merely pleaded for damages in excess of the minimum jurisdiction of the court."

Appellant relies primarily on *White Motor Co. v. Loden*, 373 S.W.2d 863 (Tex.Civ. App.—Dallas 1963, no writ). However, *White Motor Co.* was decided prior to the 1978 amendment to TEX.R.CIV.P. 47, and held that the plaintiff's petition was fatally defective because not only did it fail to

specify the amount of damages claimed, but it was "apparently [an] undertaking to plead a products liability tort action in abbreviated form" which did not, in the court's opinion, "give fair notice to the opponent of their claim against it." *Id.* at 866. The holding can be distinguished easily from the case before this court.

First, in 1978, and subsequent to the *White Motor Co.* decision, TEX.R.CIV.P. 47 was amended to read:

An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain ...

. . . .

(b) in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court....

Second, appellant does not contend that appellee's petition is defective in any other manner, or that he had not otherwise received fair notice of the claim; further, the record clearly reflects that the petition gave sufficient notice to the appellant of the claim, and that it supports the default judgment. The point is, therefore, rejected.

Finally, appellant asserts that appellee's petition "did not properly allege Defendant's residence."

It has been held that "[s]ince enactment of Rule 101, T.R.C.P., citation is directed to the individual rather than to a particular county, so the failure to allege residency in a particular county is not a fatal defect." *Stark v. Nationwide Financial Corp.*, 610 S.W.2d 193, 194 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).[3] Moreover, since the accident was alleged to have occurred in Bexar County, the defendant's residence is irrelevant. The point is rejected.

The judgment is affirmed.

---

**3.** TEX.R.CIV.P. 101 was repealed by order of July 15, 1987; however, the substance of this rule, now found in TEX.R.CIV.P. 99, merely requires that the citation "be directed to the defendant."