No. 04-97-00850-CV



Fred L. VASQUEZ,


Appellant



v.



Oralia H. VASQUEZ,


Appellee



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CI-05273


Honorable David Berchelmann, Jr., Judge Presiding(1)



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: July 29, 1998


AFFIRMED


 Fred Vasquez appeals from a default judgment rendered against him in favor of Oralia
Vasquez. In two points of error, Fred complains that the trial court erred in denying his motion to set
aside the default judgment. We affirm.

Facts


 Fred and Oralia Vasquez were married in 1982. After fifteen years of marriage, Oralia filed
for divorce in April 1997. Oralia continued to live with Fred in their home with their two children
after filing suit. Fred first learned of the suit when Oralia personally presented the court papers to
him and asked him to have them notarized. Fred refused to do so. Oralia then had Fred served with
citation at their home on May 8, 1997. Fred did not file an answer; subsequently, on June 30, Oralia
took a default judgment against Fred which dissolved the parties' marriage and divided their marital
estate. That judgment appointed Fred and Oralia joint managing conservators of their children,
ordered Fred to pay $1005.95 per month in child support, and divided certain property. The property
division awarded Fred and Oralia the property in their possession or under their exclusive control
and awarded Oralia the marital residence and a 1992 Grand Marquis. Fred timely filed a motion to
set aside the default judgment,(2) which was denied after an evidentiary hearing.

Arguments on Appeal 


 In two points of error, Fred urges that the trial court erred in failing to grant his motion to set
aside the default judgment. Fred first argues that he was entitled to a new trial because Oralia did
not file a counter-affidavit opposing Fred's sworn Motion to Set Aside Default Judgment. See
Liberty Mut. Fire Ins. v. Ybarra, 751 S.W.2d 615, 617-18 (Tex. App.--El Paso 1988, no writ). A
similar argument has been previously rejected by this court. See Young v. Kirsch, 814 S.W.2d 77,
80-81 (Tex. App.--San Antonio 1991, no writ). As observed by this court in Young, neither
Craddock nor its progeny can be read to mean that testimony properly introduced at an evidentiary
hearing is not to be considered by the trial court in determining whether the defaulting party is
entitled to a new trial. See id. When, as in the instant case, evidence is introduced at a hearing, the
issues in the movant's affidavit become fact questions for the court to resolve. Young, 814 S.W.2d
at 80-81; accord Jackson v. Mares, 802 S.W.2d 48, 50 (Tex. App.--Corpus Christi 1990, writ
denied). Point of error number one is overruled.

 By way of his second point of error, Fred argues that he satisfied the prerequisites for a new
trial. A motion to set aside a default judgment is addressed to the trial court's discretion, and as
such, we will not disturb the trial court's ruling absent a showing of an abuse of discretion. See
Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). An abuse of discretion lies where the trial
court's action is arbitrary, unreasonable, or without reference to guiding rules and principles.
Downer v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159
(1986). In this context, the guiding rule under which a trial court's discretion is measured is found
in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939). Under Craddock,
a trial court should set aside a default judgment and order a new trial where the failure of the
defendant to answer before judgment was not intentional, or the result of conscious indifference on
his part, but was due to a mistake or an accident; provided the motion for new trial sets up a
meritorious defense and is filed at a time when the granting thereof will occasion no delay or
otherwise work an injury to the plaintiff. Craddock, 133 S.W.2d at 126; accord Bank One, Texas,
N.A. v. Moody, 830 S.W.2d 81, 85 (Tex. 1992).

 We first examine whether Fred established that his failure to answer was not intentional or
the result of conscious indifference, but was due to a mistake or an accident. Craddock, 133 S.W.2d
at 126. Conscious indifference has been defined as the failure to take some action which would
seem obvious to a reasonable person in the same circumstance. Prince v. Prince, 912 S.W.2d 367,
370 (Tex. App.--Houston [14th Dist.] 1995, no writ) (quoting Johnson v. Edmonds, 712 S.W.2d
651, 653 (Tex. App.--Fort Worth 1986, no writ)). The absence of a purposeful or bad faith failure
to answer is the controlling factor under this analysis. See Craddock, 133 S.W.2d at 125.

 In the instant case, Fred explains that his failure to answer was based on his mistaken belief
that Oralia did not "really" intend to follow through with the divorce. On the evening of May 8,
1997, the evening Fred was served with citation, Oralia returned home and found her son upset over
the news of the impending divorce. Fred testified that after putting her son to bed, a tearful Oralia
told him that "[she could not] do this to the children." He stated that she told him she did not want
a divorce. Fred stated that he agreed a divorce would not be good for the children and "we left it at
that. . . I didn't do anything about it." Fred also based his belief on the fact that they continued to
live together as man and wife. Oralia challenged these contentions.

 Oralia first disputed that she and Fred were living together as man and wife. She testified
that it had been months since they shared their marital bed. She further explained that she only
allowed Fred to remain in their home in an attempt to keep him as "stable as possible." Oralia
indicated that Fred had a history of domestic violence associated with drinking. In fact, Fred and
Oralia had previously separated for nine months due to domestic violence. Specifically, she stated,
"I've asked him to change, and you know how that goes, it's just back and forth. And he -- it's true.
He never believed I'd really divorce him." Oralia also refuted Fred's contention that she told him
that she would not go forward with the divorce. She explained:

 I was talking to my son when he was [upset], that part [of Fred's story] is true. He's
only eight years old. And when I saw him, I told him, you know, if you really want
me to stop this, I will. But I didn't tell Fred.


 When I had a chance to talk to Jonathan the next day and try [sic] to explain to him,
you know, Jonathan, divorce takes a long time. I'm not divorced already. It takes
a while. And he was better with it.


 The trial court, as fact finder, is charged with the duty of ascertaining the true facts
surrounding the default circumstances, and it is within the court's province to judge the credibility
of the witnesses and to determine the weight to be given their testimony. Jackson, 802 S.W.2d at
51; see Vannerson v. Vannerson, 857 S.W.2d 659, 665 (Tex. App.--Houston [1st Dist.] 1993, writ
denied). Here, the trial court was free to believe that Oralia had not told Fred that she was
abandoning her plan of divorce and that the appearance of living as a family unit was merely done
as an attempt to temporarily maintain peace in their household. The trial court was free to believe
that Fred was not mistaken in his belief that Oralia was abandoning the divorce, but rather, that he
was continuing in a pattern of denial that Oralia would leave him. In short, we find there is evidence
upon which the trial court could conclude that Fred's failure to file was not due to a mistake or
accident, but was the result of conscious indifference. Accordingly, we will not disturb the trial
court's ruling. See Downer, 701 S.W.2d at 241-42. Point of error number two is overruled.

 We need not consider whether Fred met the other Craddock requirements because he failed
to demonstrate that his failure to appear was not the result of conscious indifference. See Tex. R.
App. P. 47.1. We find that the trial court did not abuse its discretion in denying Fred's motion to set
aside the default judgment. The judgment of the trial court is affirmed.

 Catherine Stone, Justice

DO NOT PUBLISH

1. The Honorable David Berchelmann, Jr. signed the default judgment granting the parties' divorce. The
Honorable James Barlow heard and denied appellant's motion to set aside the default judgment.
2. A motion to set aside a default judgment is treated as a motion for new trial. See Broussard v. Dunn, 568
S.W.2d 126, 128 (Tex. 1978, orig. proceeding).


Return to
4th Court of Appeals Opinions