IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0553
════════════
 
Sol Levine, Dorothea Levine, 
and 
Mardan Energy Corporation, 

Petitioners,
 
v.
 
Shackelford, Melton & 
McKinley, L.L.P.; 
Bragg, Chumlea, McQuality; and Joseph G. 
Chumlea, P.C.,
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fifth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
In this case, we consider whether the court of appeals applied the 
correct standard in affirming a trial court’s denial of a motion to set aside a 
default judgment. A three-part test determines whether a court should grant a 
motion for new trial to set aside a proper default judgment. Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 
(Tex. 
1939). The first part of the Craddock test requires that “the 
failure of the defendant to answer before judgment [i]s not intentional, or the result of conscious indifference 
on his part, but [i]s due to a mistake or an 
accident.” Id. When applying this part of the 
Craddock test, the court of appeals defined “conscious indifference” in 
terms of “a person of reasonable sensibilities under the same or similar 
circumstances.” ___ S.W.3d ___, ___ (Tex. App.—Dallas 2006, pet. denied) (citing 
Young v. Kirsch, 814 S.W.2d 77, 81 (Tex. App.—San Antonio 1991, no writ) 
(en banc)). The court of appeals held that the trial court did not abuse its 
discretion in denying the motion for new trial, and affirmed the trial court’s 
denial. Id. at 
___. Though the court of appeals articulated the “conscious indifference” 
requirement of the Craddock test incorrectly, it properly applied the 
test. We denied the petition for review, and now deny the motion for rehearing, 
but we write here to clarify the standard that the court of appeals used.
            
Three law firms sued Sol and Dorothea Levine and Mardan Energy Corporation (collectively, the Levines) for legal fees.[1] Before filing an answer, the Levines’ attorney requested a written standstill agreement 
from the law firms, “where no pleadings, including the Answer, will be filed for 
a 45 to 60 day period while we attempt to have the mediation process run its 
course.” When the law firms refused, the Levines’ 
attorney agreed to file an answer by the November 29, 2004 deadline, but then 
failed to do so. Having not received an answer, a law firm attorney attempted to 
contact the Levines’ attorney on December 6, 2004, 
advising that the law firms would take a default judgment if no answer was 
filed. The next day, the Levines’ attorney assured the 
law firms that an answer would be filed on December 8, 2004. On Wednesday, 
December 8, the Levines’ attorney emailed a draft of 
the proposed answer to the law firms, assuring them that he would send the 
answer to the court “by the end of the week.”
            
The law firms delivered discovery requests to the Levines’ attorney on December 15, 2004. The next day the 
parties attended mediation, which had been scheduled by agreement on November 
24, 2004, though there still was no answer from the Levines on file with the court. The law firms presented a 
default judgment motion to the trial court the next morning, eighteen days after 
the Levines’ attorney first promised to file an 
answer, which was granted without a hearing. The Levines claim that their attorney placed the answer, along 
with a filing letter, in his “outgoing mail bin” four days before the trial 
court signed the original default judgment on December 17, 2004. Neither the 
trial court nor the law firms received the answer. The Levines’ attorney never attempted to confirm that the answer 
had been filed. He did not even know until December 23, 2004, when his client 
informed him of the default judgment, that the clerk had not received the 
answer. The Levines subsequently made several motions 
to set aside the default judgment and obtain a new trial, all of which were 
denied by the trial court. The court of appeals held that the Levines did not satisfy the first prong of the 
Craddock test, and affirmed the trial court’s refusal to set aside the 
default judgment. Id. at 
___.
            
In applying the Craddock test to this case, the court of appeals 
examined the evidence and concluded that it “showed a pattern of conduct that 
disregarded deadlines, promises, procedures, and simple steps that a person of 
reasonable sensibilities would have taken to ensure that the answer was properly 
and timely filed.” Id. at 
___. The proper standard, however is not a 
negligence standard. “[T]he Craddock standard is one of intentional or 
conscious indifference—that the defendant knew it was sued but did not 
care.” Fid. & Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 575–76 (Tex. 2006) (per curiam) (emphasis added). The Levines’ attorney knew of the November 29, 2004 deadline for 
answer in the suit. He agreed to file a general denial by that date, but he did 
not do so. He again failed to meet an extended deadline. Though he eventually 
emailed a draft denial to the parties, he never attempted to confirm that an 
answer was filed, despite repeated discussions, emails, and contact with the 
opposing party warning him that if he did not file an answer, the law firms 
would take a default judgment. This pattern of ignoring 
deadlines and warnings from the opposing party amounts to conscious 
indifference.
            
The court of appeals incompletely described the standard that applies in 
this case. Noting that the complete definition of conscious indifference amounts 
to more than mere negligence, we deny the Levines’ 
motion for rehearing.
 
OPINION 
DELIVERED: January 11, 2008







[1] 
The law firms are Shackelford, Melton & McKinley, L.L.P.; Bragg, Chumlea, McQuality; and Joseph G. 
Chumlea, P.C. They brought suit to recover unpaid 
legal fees totaling over $150,000, dating back to litigation from which each 
firm, with the consent of the Levines, had been 
allowed to withdraw.