Donald STRACKBEIN, Petitioner,

v.

Gary PREWITT, Respondent.

No. C–2883.

Supreme Court of Texas.

June 13, 1984.

**38**

Law Offices of C. David Evans, Inc., James P. Sieloff, San Antonio, for petitioner.

Law Offices of Richard A. Bentley, Richard A. Bentley, San Antonio, for respondent.

WALLACE, Justice.

This is an appeal from a denial of a motion for new trial and to set aside a default judgment. The trial court rendered default judgment for Strackbein upon the failure of Prewitt to answer following proper service. In an unpublished opinion, the court of appeals reversed the judgment of the trial court and remanded the cause for trial. We affirm the judgment of the court of appeals.

Strackbein sued Prewitt under the Deceptive Trade Practices Act, TEX.BUS. & COMM.CODE ANN. § 17.41 et seq. (Vernon Supp.1984) for deceptive acts in connection with a contract for sale of a fully repaired and restored Corvette automobile. Strackbein wrote Prewitt a demand letter on April 30, 1982 and filed suit on May 25. Prewitt was served on June 15 and, upon his failure to answer, default judgment was rendered July 23. Prewitt filed a motion for new trial and to set aside the judgment which was denied after a hearing. No record was made at this hearing and no request was made for findings of fact or conclusions of law. The issue before us is whether the trial court abused its discretion in denying the motion for new trial.

A motion for new trial is addressed to the trial court's discretion and the court's ruling on such will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. *How-*

*ard Gault & Son, Inc. v. Metcalf,* 529 S.W.2d 317, 321 (Tex.Civ.App.—Amarillo 1975, no writ); *Neunhoffer v. State,* 440 S.W.2d 395, 397 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.); *see also Wright v. Swayne,* 104 Tex. 440, 140 S.W. 221 (1911). In reviewing the judgment of the trial court where there are no findings of fact and conclusions of law requested or filed, the judgment must be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977). However, as stated by this court in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939), "[w]hile trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle." The *Craddock* court then set forth the guiding rule or principle which trial courts are to follow in determining whether to grant a motion for new trial:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* at 126.

Strackbein filed no counter affidavits to the motion for new trial. So the trial judge, in considering the motion for new trial, could look only to the record before him at that time which included Prewitt's motion for new trial and the affidavits submitted therewith. Where factual allegations in a movant's affidavits are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense. It is sufficient that the movant's motion and affidavits set forth facts which, if true,

would negate intentional or consciously indifferent conduct. *Dallas Heating Co., Inc. v. Pardee,* 561 S.W.2d 16, 19–20 (Tex. Civ.App.—Dallas 1977, writ ref'd n.r.e.); *see also Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966).

The motion for new trial was accompanied by affidavits from Prewitt, Julie Miracle, vice president of Prewitt's company, Richard A. Bentley, his attorney, and Andrea Flores, the setting clerk in the office of the Bexar County District Court Coordinator. Those affidavits stated the following facts: (1) on June 18, three days after being served, Prewitt called Mr. Bentley and asked if Bentley would represent him in the suit. He was advised by Bentley that he would do so if the papers in the case were forwarded to him; (2) Prewitt then instructed Julie Miracle to gather all of the documents pertaining to the Strackbein matter; (3) on June 23, after the documents had been assembled, Prewitt again called Bentley's office and talked with a secretary who advised him that Bentley was out of town but that he should mail the documents to her so that the matter could be timely handled; (4) Prewitt then instructed Julie Miracle to mail the documents to Bentley's office; (5) however, due to a breakdown of communication, Julie Miracle thought Prewitt was going to mail the documents and Prewitt thought Julie Miracle would mail them; (6) instead, the papers were misplaced in the office and were not discovered until Prewitt received notice of default; and (7) until that time, Prewitt believed that the papers were in the attorney's office and that the suit was being handled by the attorney.

■ In determining whether there was intentional disregard or conscious indifference we must look to the knowledge and acts of the defendant. The above affidavits constitute the only evidence before the trial court and there is no reasonable interpretation of those affidavits which would constitute evidence that Prewitt's failure to answer the citation was a result of an intentional act or conscious indifference.

■ Prewitt's affidavit stated that he had a meritorious defense to the lawsuit in that he had acted solely as an agent for Corvette Paint and Body Shop, Inc. in all of his dealings with Strackbein, and that he was not liable in his individual capacity as alleged in the petition. He further stated that Strackbein had not paid for the repairs to the Corvette automobile according to their contract. Those factual allegations were sufficient to set up a meritorious defense as required by *Craddock.* Strackbein is in error in his contention that the meritorious defense must be pleaded in defendant's answer as well as contained in the affidavits accompanying the motion for new trial.

■ The third requirement of *Craddock* is that the motion for new trial be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. It is not disputed that the plaintiff's attorney would have sought a jury trial. The affidavit of Andrea Flores stated that had the suit been answered on July 12, 1982 the earliest possible jury setting would have been March, 1983. The affidavit of Mr. Bentley stated that he had offered to reimburse Strackbein for all costs incurred through the hearing on the motion for new trial. This uncontroverted evidence supports the third requirement of *Craddock.*

■ Finally, Strackbein contends that if the trial court conducts a hearing on a defaulting defendant's motion for new trial the appellate court should not substitute its discretion for that of the trial court. The issue is not one of which court's discretion shall prevail. Rather, it is a matter of the appellate court reviewing the acts of the trial court to determine if a mistake of law was made. The law in the instant case is set out in *Craddock.* That law requires the trial court to test the motion for new trial and the accompanying affidavits against the requirements of *Craddock.* If the motion and affidavits meet those requirements, a new trial should be granted. In this case those requirements have been met.

The judgment of the court of appeals is affirmed.