PEOPLES SAVINGS AND LOAN ASSOCIATION and Peoples Mortgage Company, Appellants,

v.

Byron BARBER, Appellee.

No. 04–86–00315–CV.

Court of Appeals of Texas, San Antonio.

June 24, 1987.

---

Gary Churak, San Antonio, Leo O. Bacher, Jr., Dallas, Richard Kammerman, Austin, for appellants.

Aaron L. Jackson, Austin, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

OPINION

CHAPA, Justice.

Appellee's Motion for Rehearing is denied. The Court's opinion dated May 29, 1987 is withdrawn, and this opinion is substituted therefor.

This is an appeal from the denial of a motion for new trial filed after a default judgment was rendered in favor of Byron Barber (Barber) and against Peoples Savings and Loan Association (Peoples Savings) and Peoples Mortgage Company (Peoples Mortgage). The default judgment was rendered in the amount of $693,480.00.

Barber originally filed suit against Marvin D. Haass (Haass), Jerry Holley (Holley), Peoples Savings, and Peoples Mortgage seeking to recover damages in unspecified amounts under theories of breach of contract, accounting, fraud, conversion, estoppel, joint venture, quantum meruit, constructive trust, defamation, breach of fiduciary duty, exemplary damages, attorneys fees, and loss of use of funds. Peoples Savings and Peoples Mortgage were served with citation of February 12, 1986, by serving the president of both companies, Joel W. Daniel (Daniel). No answer was filed, and on March 19, 1986, default judgment was rendered against Peoples Savings and Peoples Mortgage. On the same day, the pending action was severed removing Haass, who was never served with citation, and Holley from this action. Peoples Savings and Peoples Mortgage timely filed their motions for new trial.

Peoples Savings' and Peoples Mortgage's first point of error alleges that the trial court erred in denying their motion for new trial. Specifically, they allege that the trial court erred in finding that the failure of Peoples Savings and Peoples Mortgage to timely file an answer was "intentional or the result of conscious indifference." Trial courts have some measure of discretion in deciding whether to set aside a default judgment. It is not an unbridled discretion to decide cases as they might deem proper without reference to any guiding rule or principle. A default judgment should be set aside and a new trial ordered in any case which (1) the failure of the defendant to answer before judgment was not intentional, nor the result of conscious indifference, but was due to accident or mistake; (2) provided the motion for new trial sets up a meritorious defense; (3) and the motion for new trial is filed at a time when the granting thereof will occasion no delay or otherwise work and injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966). The only issue to be decided by this Court is whether the trial court erred in finding that the first prong of the *Craddock* test, whether the failure to answer was intentional or the result of conscious indifference, was not met by Peoples Savings and Peoples Mortgage.

The motion for new trial filed by Peoples Savings and Peoples Mortgage was accompanied by affidavits of Haass and Daniel. Barber filed no controverting affidavits to the motion for new trial. In overruling the motion for new trial, the trial court found that the failure of Peoples Savings and Peoples Mortgage to answer was "intentional or the result of conscious indifference." Since Barber filed no controverting affidavits, the trial court could only look to the record before him at that time which included the motion for new trial and the attached affidavits. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). Where the factual allegations in a movant's affidavits are not controverted, it is sufficient that the movant's motion and affidavits set forth facts which would negate intentional or consciously indifferent conduct. *Id.* at 38–39. In determining whether the failure to answer was intentional or the result of conscious indifference, we must look to the knowledge and act of the defendant. *Id.* at 39.

The affidavits of Haass and Daniel state the following facts: Daniel, the president of Peoples Savings and Peoples Mortgage, was served in Llano, Texas, on February 12, 1986; Daniels then contacted Haass, a majority shareholder in both Peoples Savings and Peoples Mortgage, in San Antonio; Haass was a named defendant in the suit but was never served; Daniel asked Haass if he had been served with the Court papers in the suit instituted by Barber; Haass answered affirmatively under the mistaken impression that Daniel was referring to another pending lawsuit involving Haass and Barber; as a result, Daniel was under the mistaken impression that Haass would file an answer; the mistake was not discovered until Daniel received notice of the default judgment; the default judgment was entered on March 19, 1986. These affidavits constituted the only evidence properly before the court. There is no reasonable interpretation of the affidavits which would constitute evidence that the failure to file an answer was the result of conscious indifference or was intentional. Therefore, the trial court erred in denying the motion for new trial.

Barber asserts that we should consider the evidence adduced at the evidentiary hearing on the motion for new trial in reviewing the trial court's denial of the motion. In *Strackbein,* 671 S.W.2d 37, the party opposing the motion for new trial failed to file controverting affidavits, and the trial court conducted a hearing on the motion for new trial. The Supreme Court, faced with the same contention, held:

> Finally, Strackbein contends that if the trial court conducts a hearing on a defaulting defendant's motion for new trial the appellate court should not substitute its discretion for that of the trial court. The issue is not one of which court's discretion shall prevail. Rather, it is a matter of the appellate court reviewing the acts of the trial court to determine if a mistake of law was made. The law in the instant case is set out in *Craddock.* That law requires the trial court to test the motion for new trial and the accompanying affidavits against the requirements of *Craddock.* If the motion and

affidavits meet those requirements, a new trial should be granted.

*Id.* at 39. In the case at bar, the motion for new trial and uncontroverted affidavits meet the first prong of the *Craddock* test.

The judgment of the trial court is reversed and the cause remanded for trial.