**Phillip D. HAYWARD, Appellant,**

v.

**COMMERCIAL CONCEPTS CORP., d/b/a VR Business Brokers, Appellee.**

**No. 5-87-00379-CV.**

Court of Appeals of Texas, Dallas.

March 23, 1988.

Alan Mask, Dallas, for appellant.

Jimmy L. Verner, Jr., Dallas, for appellee.

Before DEVANY, LAGARDE and THOMAS, JJ.

LAGARDE, Justice.

Appellee, Commercial Concepts Corporation d/b/a/ VR Business Brokers, sued appellant, Phillip D. Hayward, to recover a commission pursuant to a brokerage contract for the sale of Hayward's retail candy store. After a bench trial, the district court entered judgment in favor of VR.

In a single point of error, Hayward asserts that the trial court erred in entering judgment for VR for a broker's commission when there was no evidence that the prospective purchaser was "ready, willing and able" to purchase the business, in that the prospective purchaser failed to comply with a condition precedent that he assume the existing lease of the premises of the business to be purchased. For the reasons hereinafter set forth, we affirm the judgment of the trial court.

In December of 1984, Hayward and VR executed a listing agreement by which VR agreed to attempt to sell the retail candy business owned and operated by Hayward. Under the agreement, Hayward promised to pay VR a fee of 12% of the purchase price if any of certain enumerated conditions occurred. The conditions upon which the broker's fee would become due were expressed in the listing agreement as follows:

A. BROKER procures a purchaser, ready, willing and able to purchase the Business on the Proposed Terms [of the listing agreement]; or

B. OWNER sells, leases, trades, or otherwise disposes of all or any part of the Business during the Sole and Exclusive Period, regardless of whether or not BROKER was involved in or responsible for such disposition, or OWNER enters into a contract of sale, accepts a deposit, opens an escrow or records a notice of intention to sell the Business; or

C. OWNER withdraws the Business from sale, or purports to terminate this listing contract prior to the expiration of the Sole and Exclusive Period; or

D. OWNER fails or refuses to complete a sale, lease, trade or their disposition of all or any part of the Business after entering into a written agreement to do so; or

E. OWNER sells, leases, trades or otherwise disposes of all or any part of the Business within ONE (1) YEAR from the termination date of the Sole and Exclusive Period to any person, firm or entity referred to the Business by BROKER, or who became aware of the Business through the efforts of BROKER during the Sole and Exclusive Period.

VR bases its claim to a broker's fee upon:

(1) VR's procurement of a ready, willing and able buyer; as described under (A) above.

(2) Hayward's entering into a contract of sale; as described under (B) above.

(3) Hayward's refusal to complete a sale after entering into a written agreement to do so; as described under (D) above.

■ In his reply brief on appeal, Hayward asserts that there were no pleadings to support recovery based on either the second or third contention. In paragraph five of the original petition, appellee stated:

On or about April 16, 1985, Plaintiff obtained an Offer to Purchase executed by one Gordon Highfill, accompanied by a check for $5,000.00 as earnest money, which Offer was conveyed to Defendant who, on or about April 24, 1985, executed a counter offer at the full listing sales price. This counter offer was accepted by the said Gordon Highfill by his signature on or about April 27, 1985.

In paragraph eight of the original petition, appellee stated that "[d]efendant failed and refused to close (consumate) [sic] the sale on the appointed date...." The pleadings on which this case was tried are sufficient to allege both that Hayward entered into a contract of sale and that Hayward subsequently refused to complete the sale.

■ Having decided that each of the three theories relied on by VR was adequately pleaded at trial, our focus now turns to the sufficiency of the evidence to support each of these theories. Findings of fact and conclusions of law were neither requested nor filed. The judgment, therefore, must be affirmed on any legal theory raised by the pleadings and supported by the evidence. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984).

■ Hayward argues that, although he entered into an agreement with a prospective purchaser, his agreement to sell was subject to a condition precedent. Where a broker negotiates a conditional contract, the broker has not produced a ready, willing and able purchaser until that condition is met. *Don Drum Real Estate Company v. Hudson,* 465 S.W.2d 409, 411 (Tex.Civ.App.—Dallas 1971, no writ). Furthermore, since a contract of sale is a contract whereby each of the parties has the right to specific performance so as to ef-

fect a conveyance of the property, *Padre Sands, Inc. v. Cawood,* 595 S.W.2d 896, 899 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.), a conditional agreement is not a contract of sale within the meaning of the listing agreement.

Finally, Hayward's obligation to pay cannot be premised upon the refusal to complete a sale after entering into a written agreement to do so, if the terms of that agreement allow him to refuse to proceed if certain conditions are not met. Therefore, under the listing agreement entered into by Hayward and VR, the broker's fee did not become payable if the contract of sale procured by VR was subject to a condition precedent.

Hayward operated his store in the Dallas Galleria shopping mall. Hayward was a sub-lessee of Darveaux, Inc. The crux of Hayward's complaint on appeal is that the buyer's assumption of the lease of the premises was a condition precedent to performance under an agreement brokered by VR and entered into between Hayward and the potential buyer. We disagree with this contention.

In his response to VR's request for admissions, Hayward admitted that he "refused to complete the sale of the business known as Darveaux Confectionaire after executing a written agreement to do so." This admission falls squarely under one of the conditions upon which a broker's fee became payable under the terms of the listing agreement. Hayward's admission is unconditional. Hayward's position, on appeal, that he was under no obligation to perform because of a condition precedent is inconsistent with such an admission. Any matter admitted in a response to a request for admission is conclusively established as to the party making the admission unless the court on motion permits withdrawal or amendment of the admission. TEX.R. CIV.P. 169(2). The record reflects no motion to withdraw or amend the admission.

Furthermore, even in the absence of this admission, there is sufficient evidence for the trial court's implied finding that assumption of the existing lease of the seller was not a condition precedent to performance under the contract of sale. An examination of the various documents that make up the contract of sale makes this clear.

Hayward admitted, in a response to a request from VR, that the agreement between Hayward and the potential buyer was comprised of four separate documents. Each of those documents is before us on appeal. The only mention of the lease in the contract for sale is in paragraph eleven of the document entitled "offer to purchase." The blanks in this form that would require Hayward to deliver the buyer a valid lease were left blank. Underneath the blanks are the words "[o]ption of assumption of existing lease."[1] A fair reading of the phrase is that the buyer wanted the option to *either* secure a lease directly from the Galleria or to assume the lease of Hayward. Nonetheless, regardless of the meaning we give the phrase "[o]ption of assumption of existing lease," the document in question was drafted, signed, and submitted by the buyer. The most reasonable construction is that the buyer was seeking some right for himself. If the language in question created a condition precedent at all, it was one in favor of the buyer. *See Regent International Hotels v. Las Colinas Hotels,* 704 S.W.2d 101, 103 (Tex.App.—Dallas 1985, no writ). (A condition may qualify the duty of immediate performance of one party or of both parties to the contract.)

In summary, Hayward's attack upon the legal sufficiency of the evidence must fail because the record reveals sufficient evidence to support the trial court's implied finding that there were no unperformed conditions precedent in the contract of sale that would prevent VR's recovery of a broker's fee under the terms of the listing agreement. Therefore, we overrule Hayward's single point of error.

1. The words "option of" are printed on the form and the words "assumption of existing lease" are handwritten in the blank following those printed words.

The judgment of the trial court is affirmed.

DEVANY, J., concurs.

DEVANY, Justice, concurring.

I do not agree that assumption of the existing lease of the seller was not a condition precedent to performance under the contract of sale.

However, I do agree that in Hayward's response to VR's request for admissions, Hayward admitted that he "refused to complete the sale of the business known as Darveaux Confectionaire after executing a written agreement to do so." Paragraph 3(D) of the brokerage agreement provides that the fee shall be paid if the "Owner fails or refuses to complete a sale, lease, trade or their disposition of all or any part of the business after entering a written agreement to do so."

Consequently, I concur in the result reached by the majority.