**Eugene NORRIS, Appellant,**

v.

**Ella B. HUBBARD, Appellee.**

**No. 01–92–00056–CV.**

Court of Appeals of Texas, Houston (1st Dist.)

Nov. 12, 1992.

William J. Rice, Jr., & Associates, Houston, for appellant.

Kenneth C. Kobobel & Associates, Houston, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

OPINION

DUGGAN, Justice.

This is an appeal from the trial court's refusal to grant a motion for new trial and set aside a default judgment. The underlying suit resulted in a default judgment for the plaintiff-appellee, Ella B. Hubbard, in which the trial court (1) awarded Hubbard $79,000 in damages plus postjudgment interest at 10%, (2) imposed a constructive trust upon the defendant-appellant, Eugene Norris, as to certain described real property for Hubbard's benefit, and (3) awarded Hubbard $15,000 in attorney fees against Norris. We affirm.

Hubbard filed her original petition on May 24, 1991, and Norris was personally served with citation on May 29, 1991. Norris failed to appear and Hubbard moved for default judgment; on July 29, 1991, the trial court signed a default judgment against Norris. Upon Hubbard's motion, the trial court granted a nonsuit as to Norris's co-defendant, Gene Ellisar, on July 31, 1991.

On October 22, 1991, Norris filed his motion for new trial, asserting that his failure to appear and answer was the result of mistake, rather than intentional or conscious indifference. Attached to Norris's motion was his personal affidavit, which avers that Norris discovered on September 24, 1991, that a default judgment had been entered against him. These assertions and Norris's affidavit are uncontroverted in the record before us; however, after a hearing on November 11, 1991, the trial court signed its order, dated November 12, 1991, overruling Norris's motion based solely on lack of jurisdiction. Norris asserts a single point or error.

In his sole point of error, Norris asserts the trial court erred in overruling his motion for new trial on the ground that the court had lost jurisdiction, because the court still had jurisdiction pursuant to Tex. R.Civ.P. 306a, sections 4 and 5. Hubbard, as appellee, has filed neither a response to Norris's motion for new trial nor an appellee's brief.

It is true that Norris's motion for new trial clearly alleges the essential requisites under Tex.R.Civ.P. 306a to extend the trial court's plenary power to hear and decide the motion on its merits. Norris averred that he learned of the judgment against him on September 24, 1991, some 57 days after it was signed on July 29, 1991. However, the record reflects that a hearing was held on the motion for new trial on November 11, 1991; no record of that hearing is before us. The docket sheet notation concerning the motion hearing states, "November 11, 1991 Motion for New Trial hearing; Court ruled it had lost jurisdiction in this matter."

In *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984), Prewitt, like Norris here, suffered a default judgment when no answer was filed in his behalf. Prewitt, as Norris has done here, filed a motion for new trial and to set aside the default judgment, accompanied by affidavits containing the requisites for setting aside a default judgment. *See Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The court of appeals reversed and remanded the cause for trial, and the supreme court affirmed. The supreme court stated:

> Where factual allegations in a movant's affidavits are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense. *It is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct.*

671 S.W.2d at 38, 39 (emphasis added) (citations omitted).

Taken alone, the quoted and emphasized language would indicate that, whether there was other evidence or not, a movant's motion and affidavits alone (provided they met *Craddock's* requisites) would be sufficient to require a trial judge to set aside a default judgment. However, *Strackbein* notes, after summarizing the defendant's four affidavits:

> The above affidavits constitute the only evidence before the trial court and there is no reasonable interpretation of those affidavits which would constitute evidence that Prewitt's failure to answer the citation was a result of an intentional act or conscious indifference.

671 S.W.2d at 39 (emphasis added).

By contrast, neither the record before us nor appellant's brief indicates whether other evidence was heard at the hearing on appellant's motion for new trial and to set aside judgment. Norris's affidavit may or may not have been the only evidence for the trial court's consideration, as the affidavits were in *Strackbein*. As this Court has previously written, "[t]he trial court could have heard evidence then, and nothing shows that it did not. Absent a record of that hearing, we must presume that there was evidence presented to support the ruling. Appellant has the burden to present an appellate record demonstrating error." *Salley v. Houston Lighting and Power Co.*, 801 S.W.2d 230, 231–32 (Tex. App.—Houston [1st Dist.] 1990, writ denied). *Fleming v. Taylor*, 814 S.W.2d 89, 91 (Tex.App.—Corpus Christi 1991, no writ); *see Mays v. Pierce*, 154 Tex. 487, 281

S.W.2d 79, 82 (Tex.1955); *Von Behren v. Von Behren*, 800 S.W.2d 919, 922 (Tex. App.—San Antonio 1990, writ denied). Because he has failed to show that there was no other evidence, Norris has not met his burden to present an appellate record demonstrating error. His point of error is overruled.

The judgment is affirmed.