Garrett-D v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-267-CR

     DERRICK GARRETT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 920486 CR2
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

            Appellant pled not guilty before the court to the offense of unlawfully carrying a weapon. 
He was found guilty and the court assessed punishment at confinement in the county jail for 30
days and a fine of $1,000. He was placed on probation for twelve months and was required to pay
$50 of the fine.
      Appellant has filed a request in this court, personally signed by him and approved by his
attorney, to withdraw his notice of appeal and dismiss the appeal. No decision of this court having
been delivered prior to the receipt of Appellant's request, his request to withdraw his notice of
appeal is granted and the appeal is dismissed.
 

                                                                                     PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed February 10, 1993
Do not publish
 



                                                
   
     IBAT Bond Trust (IBAT) sued Jerry Bayne Truett and his wife Dava Beth Truett on
theories of conversion, theft and breach of contract. Upon the defendants’ failure to answer,
IBAT obtained a default judgment against the Truetts for $734,564.36 plus attorney’s fees. 
Jerry Bayne Truett (hereinafter “Truett”) filed a timely motion for new trial which the trial
court subsequently overruled. Truett then brought this appeal. We will affirm.
 

FACTUAL AND PROCEDURAL HISTORY
      IBAT, a fidelity bond insurer, issued a bond to the First State Bank of Kosse, Texas
insuring the Bank against certain losses caused by the conduct of its employees. On August
18, 1998, the Bank submitted a sworn proof of loss to IBAT seeking recovery for losses
allegedly resulting from the conduct of the Truetts. IBAT paid the claim, and the Bank
assigned to IBAT its right to all causes of action then owned against the Truetts.
      IBAT subsequently sued the Truetts for $734,564.36 plus attorney’s fees, representing the
amount IBAT paid to the Bank under the bond agreement. The original petition was filed on
September 4, 1998 and the return of service was dated September 9. On October 20, there
being no answer on file, the District Court rendered default judgment against the Truetts for
$734,564.36 plus $6,804.27 in attorney’s fees. 
      On November 20, Truett filed a timely motion for new trial asserting that he satisfied the
elements necessary to set aside a default judgment enunciated by the Supreme Court in
Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939). Truett attached
an affidavit to his motion, which recited the following operative facts:
I was served with a citation and Plaintiff’s original Petition in cause
number 25,335-B on the docket of the District Court of Limestone County,
Texas, which is styled IBAT Bond Trust v. Dava Beth Truett and Jerry Bayne
Truett. I was served with these papers while I was confined in jail in
McLennan County, Texas. I did not think that I had to do anything to defend
this civil suit since I was confined in jail. I did not think that any deadlines
would run until I was released from jail . . . . I am not knowledgeable about
the law. I have never been involved in a court proceeding of this nature
before: I simply made a mistake and did not hire an attorney to defend this
case. It was not my intention to ignore this lawsuit, but it was due to an
accident or mistake on my part.
I have never worked for a bank. I have never embezzled money from
any bank or any other business.
My defense to the lawsuit would be that I have never taken any money
from the bank in question, nor had [sic] I ever participated in any way in
taking money from that bank. 
      
      On December 21, the District Court held a hearing on Truett’s motion for new trial. In an 
attempt to controvert the facts asserted in Truett’s affidavit, IBAT introduced certified copies
of United States District Court records consisting of two arrest warrants, two orders setting
conditions for release, and two appearance bonds. The records indicate that Truett was
initially arrested on September 8, released from jail on September 9 (the day he was served
with citation), and not reconfined until October 13, eight days after his answer was due. At
the conclusion of the hearing, the trial court denied Truett’s motion for new trial. By four
points of error, Truett contends the trial court erred in so doing.



STANDARD OF REVIEW
      A default judgment should be set aside in any case in which: (1) the failure of the
defendant to answer before judgment was not intentional or the result of conscious indifference
on his part, but was due to a mistake or accident; (2) provided that the motion for a new trial
sets up a meritorious defense and (3) is filed at a time when the granting thereof will occasion
no delay or otherwise work an injury to the plaintiff. Director, State Employees Worker’s
Compensation Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); Strackbein v. Pruett, 671
S.W. 2d 37, 38 (Tex. 1984); Craddock, 133 S.W.2d at 126. The grant or denial of a motion
for new trial rests with the sound discretion of the trial court and the court’s ruling will not be
disturbed on appeal absent an abuse of that discretion. Cliff v. Huggins, 724 S.W.2d 778, 778-79 (Tex. 1987). The proper inquiry is whether the trial court acted “without reference to any
guiding rules or principles.” Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), citing
Craddock, 133 S.W.2d at 126. However, when all elements of the Craddock test are met, a
trial court abuses its discretion in denying the motion for new trial. Director, 889 S.W.2d at
268.
ADMISSIBILITY OF THE DISTRICT COURT RECORDS
      In his first issue, Truett contends the trial court erred in considering the United States
District Court records offered by IBAT to contradict the factual assertions contained in Truett’s
affidavit. At the hearing on Truett’s motion for new trial, Truett objected to the admission of
the court records on relevance grounds. IBAT responded that the documents were offered to
controvert the statements in Truett’s affidavit that he was confined for the entire period during
which he could have filed an answer, rendering them relevant to the issue of whether the
failure to answer was intentional or the result of conscious indifference. The court overruled
Truett’s objection and admitted the records. On appeal, Truett argues that the records could
not have been relevant to controvert such a statement because such a statement does not appear
in the affidavit.
      Evidence is relevant if it has “any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable than it would be
without the evidence.” Tex. R. Evid. 401. The decision to admit or exclude evidence is
addressed to the sound discretion of the trial court. Gee v. Liberty Mut. Fire Ins. Co. 765
S.W.2d 394, 396 (Tex.1989). In Strackbein v. Prewitt, the Supreme Court provided
guidelines for considering motions for new trial based on the Craddock factors. Strackbein v.
Prewitt, 671 S.W.2d 37, 38-39 (Tex. 1984). The court held: “[w]here factual allegations in a
movant’s affidavits are not controverted, a conscious indifference question must be determined
in the same manner as a claim of meritorious defense. It is sufficient that the movant’s motion
and affidavits set forth facts which, if true, would negate intentional or consciously indifferent
conduct.” Id. The court further opined that “the trial judge, in considering the motion for
new trial, could look only to the record before him at that time.” Id. at 38. Because there was
no record of the hearing on the motion for new trial in Strackbein, the only evidence from
which the court of appeals could determine error was the motion itself and the supporting
affidavits. Id. The Supreme Court has since clarified the scope of review contemplated by
Strackbein: 
If the factual assertions in the defendant’s affidavit are not controverted by
the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts
that, if true, negate intentional or consciously indifferent conduct by the
defendant. In determining if the defendant’s factual assertions are
controverted, the court looks to all the evidence in the record.

Director, State Employees Worker’s Compensation Div. v. Evans, 889 S.W.2d 266, 268-69
(Tex. 1994) (emphasis added). Such evidence may include the motion for new trial and
supporting affidavit, any response and its controverting affidavit, and evidence introduced at
the hearing, including oral testimony and documentary exhibits. Id. at 269. 
      In this case, Truett’s affidavit recites that he was served while confined in jail, did not
think action was required during his confinement, and did not believe any deadlines would run
until his release. IBAT’s evidence regarding the dates of Truett’s confinement is germane to
the issue of whether his failure to answer was merely negligent or resulted from intentional or
consciously indifferent conduct. The trial court did not abuse its discretion in admitting or
considering such evidence. Truett’s first issue is overruled.
THE CRADDOCK TEST
      In issues two through four respectively, Truett contends that the trial court erred in
denying his motion for new trial because he met each element of the Craddock test. 
Specifically, Truett asserts that his affidavit sufficiently established (1) that his failure to file an
answer was not intentional or the result of conscious indifference but was due to a mistake, (2)
that he has a meritorious defense, and (3) that the grant of a new trial will occasion no delay or
otherwise work an injury to the plaintiff. See Craddock, 133 S.W.2d at 126.
      To satisfy the first prong of the Craddock test, a movant must negate the existence of
conscious indifference. Director, 889 S.W.2d at 268-69. Conscious indifference has been
defined as “a failure to take some action which would seem indicated to a person of reasonable
sensibilities under the same circumstances.” Bank One, Texas, N.A. v. Moody, 830 S.W.2d
81, 86 (Tex. 1992) (citing Johnson v. Edmonds, 712 S.W.2d 651, 652-53 (Tex. App.—Fort
Worth 1986, no writ). The inquiry must focus on “the knowledge and acts of the defendant”
in each case. Strackbein, 671 S.W.2d at 39.
      Truett’s affidavit states that it was not his intention to ignore the suit, but that his failure to
answer arose from his mistaken belief that the period for filing an answer would not run until
he was released from jail. He characterizes this error as a “mistake of law,” therefore
sufficient to negate conscious indifference under the Supreme Court’s holding in Bank One,
Texas, N.A. v. Moody, 830 S.W.2d 81, 84 (Tex. 1992).
      The plaintiff in Moody served a writ of garnishment on the defendant bank after obtaining
a judgment against one of the bank’s depositors. Id. at 82. In response to the writ, the bank
froze the depositor’s accounts but failed to file an answer to the writ. Id. The bank then
deposited the funds from the frozen accounts with the district court clerk. Id. The plaintiff
took a default judgment against the bank, which then filed a motion for new trial. Id. At the
hearing, the bank’s president testified that his failure to answer the writ was due entirely to his
belief that his actions were sufficient to comply with the writ. Id. The trial court denied the
bank’s motion for new trial, and the court of appeals affirmed. Id. The Supreme Court
determined that the president’s erroneous belief that his actions sufficiently answered the writ
constituted a mistake of law. Id. at 84. The court held that “[a] mistake of law is one of the
excuses that are sufficient to meet the requirements of Craddock.” Id. However, the court
clarified its position by stating “[t]his is not to say that every act of a defendant that could be
characterized as a mistake of law is a sufficient excuse.” Id. (citing Carey Crutcher, Inc. v.
Mid-Coast Diesel Services, Inc., 725 S.W.2d 500, 502 (Tex. App.—Corpus Christi 1987, no
writ) (attorney did not understand effect of bankruptcy stay); First National Bank of Bryan v.
Peterson, 709 S.W.2d 276, 279 (Tex. App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.)
(defendant bank froze accounts but did not submit funds therein to the court); Butler v. Dal Tex
Mach. & Tool Co., 627 S.W.2d 258, 260 (Tex. App.—Fort Worth 1982, no writ) (defendant
read citation but did not understand its implications and did nothing)). The court concluded
that the president “thought what he did was the answer that the writ required” and thus
“satisfie[d] the first element of the Craddock test.” Id. at 85.
      Unlike the defendant in Moody, Truett does not contend that he believed his actions (or
lack thereof) constituted a sufficient answer to the lawsuit. Although Truett’s belief that his
confinement tolled the answer period could be characterized as a mistake of law, it is not the
type of mistake that negates conscious indifference. Truett does not dispute the fact that he
took no action whatsoever in response to the citation, nor did he ever inquire as to whether any
action was necessary. Based on the record before it, the trial court could have appropriately
concluded that Truett’s conscious decision to ignore this lawsuit, even if based on a mistake of
law, went beyond mere negligence. The trial court therefore did not abuse its discretion in
denying Truett’s motion for new trial. Because the trial court could have properly based its
decision on Truett’s failure to negate conscious indifference, we need not address whether
Truett established a meritorious defense or established that the granting of a new trial would
occasion no delay or injury to the plaintiff.
      The judgment of the trial court is affirmed.
 
 
                                                                               REX D. DAVIS 
 Chief Justice


Before Chief Justice Davis
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 21, 2000
Do not publish