NO. 07-03-0445-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 16, 2004



______________________________




IN THE MATTER OF THE MARRIAGE OF



DANIEL D. CLAYTON AND NANCY L. CLAYTON




_________________________________



FROM THE 317TH DISTRICT COURT OF JEFFERSON COUNTY;



NO. C-172,102-A; HONORABLE LARRY THORNE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Daniel D. Clayton, proceeding pro se, appeals from a divorce decree upon
a non-jury trial, contending the trial court erred in making an unequal division of the
property to appellee Nancy L. Clayton. By three points of error, he contends the trial court
erred in (1) failing to set aside the property division as sought by both parties, (2) entry of
the federal civil service retirement system order, and (3) entry of the military (reserve)
qualifying court order. We affirm.

 Following a hearing held on March 5, 2003, on the petition for divorce, on June 27,
2003, the trial court signed a final decree of divorce. (1) By a handwritten order signed on
September 9, 2003, among other things, the trial court denied a motion for new trial and
all other pending motions. Also, on that same date, the trial court signed an order
regarding Nancy's civil service retirement benefits and a qualifying court order regarding
Daniel's military reserve retirement benefits. By his notice of appeal, Daniel indicated he
was appealing the judgment signed June 27, 2003, and the order denying the motion for
new trial signed September 9, 2003. 

 Pursuant to Rule 34.6(c)(1) of the Texas Rules of Appellate Procedure, Daniel
requested preparation of a partial reporter's record of the hearing held on September 9,
2003. He specifically requested relevant portions regarding the trial court's denial of the
motion for new trial and entry of disputed civil service and military retirement benefits. 
When a partial reporter's record is filed, an appellate court presumes that the record
constitutes the entire record for purposes of reviewing the stated points or issues. Tex. R.
App. P. 34.6(c)(4).

 By his first point, Daniel contends the trial court erred in failing to set aside the
property division following the September 9, 2003 hearing on his motion for new trial. By
his second and third points he contends the trial court erred in making a division of the
retirement benefits for both spouses. Because the three points of error all implicate the
trial court's discretion, we will consider them simultaneously. Daniel challenges the division
of the marital property and the retirement benefits and requests that we set aside the
challenged orders and remand the cause to the trial court for a hearing. We disagree.

 Daniel twice requested that the trial court make findings of fact and conclusions of
law; however, none were made nor filed. Also, Daniel did not give notice of past due
findings of fact and conclusions of law as required by Rule 297 of the Texas Rules of Civil
Procedure. (2) 

 A motion for new trial is addressed to the trial court's discretion and its ruling will not
be disturbed on appeal absent a showing of abuse of discretion. Strackbein v. Prewitt, 671
S.W.2d 37, 38 (Tex. 1984). The scant partial reporter's record filed of the hearing on the
motion for new trial shows that the only witness called by Daniel, acting as his own
counsel, was Nancy's counsel. Daniel attempted to establish that the division of property
was disproportionate. However, no new evidence or legal basis was offered in support
of the motion for new trial by which Daniel sought to set aside the trial court's division of
property. 

 Furthermore, a trial court has wide discretion in the division of marital property and
that discretion will not be disturbed on appeal without a showing of clear abuse of
discretion. Jacobs. v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985); Murff v. Murff, 615
S.W.2d 696, 698 (Tex. 1981). Indulging the presumption that the partial reporter's record
constitutes the entire record for reviewing Daniel's complaints, no abuse of discretion is
demonstrated in the trial court's denial of Daniel's motion for new trial nor in the court's
division of the marital property and the retirement benefits. Points of error one, two, and
three are overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



 
1. After the decree was signed, filings with the clerk included (1) petition for
enforcement; (2) request for findings of fact and conclusions of law; (3) petition for
enforcement by contempt; (4) second request for findings of fact and conclusions of law;
(5) response to motion for sanctions; (6) first amended petition for enforcement by
contempt; (7) second amended petition for enforcement; (8) response to motion to sign
qualified domestic relations order; and (9) first supplemental response to second amended
petition for enforcement. 
2. Daniel does not present any error in the trial court's failure to make and file findings
of fact and conclusions of law. 



in">Mandamus Standard of Review
          “Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law.” Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to
mandamus relief, a relator must (1) show that he has no adequate remedy at law to
redress the alleged harm and (2) the act sought to be compelled is ministerial and does
not involve a discretionary or judicial decision. State ex rel. Young v. Sixth Judicial Dist.
Court of Appeals, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). Additionally, a relator must
satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and
(3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).
          When a motion is properly pending before a trial court, the act of considering and
ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992). However, the trial court has a reasonable time within which to perform that
ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San
Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is
dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426
(Tex.App.–Houston [1st Dist.] 1992, orig. proceeding).
          Additionally, the party seeking relief has the burden to provide a sufficient record to
establish entitlement to mandamus relief. Walker, 827 S.W.2d at 837. The record must
show that the motion was presented to the trial court and that it refused to act. See
generally In re Villareal, 96 S.W.3d 708, 710 n.2 (Tex.App.–Amarillo 2003, orig.
proceeding) (filing something with the trial court clerk does not demonstrate that a motion
was presented to the trial court). See also In re Chavez, 62 S.W.3d 225, 228
(Tex.App.–Amarillo 2001, orig. proceeding). 
Discussion
          Notwithstanding Judge Enn’s letter to Relator that he will “defer ruling” on pending
motions and Relator’s prayer that we compel the trial court “to respond to his motions
currently before it, and or to put into motion the warrant necessary to move [relator] to its
jurisdiction for testing,” the record before us does not contain certified or sworn copies of
any motions pending before Judge Enns. See Tex. R. App. P. 52.3(j)(1)(A). The record 
 does contain copies of “Defendant’s Motion for DNA Testing” and “Defendant’s Amended
Motion for DNA Testing,” which the trial court granted in 2005. Appendix item J is a copy
of Relator’s “Request for Appointment of Counsel Persuant [sic] to Article 64.01(c) Code
of Criminal Procedure.” A date of “3-31-08" is noted beside Relator’s signature. The
document, however, is not file-stamped by the trial court clerk. 
          Except for a reference in Judge Enn’s May 8, 2007 letter to Relator providing that
he will defer ruling on pending motions, Relator has not satisfied his burden to provide a
sufficient record demonstrating that properly filed motions were presented to the trial court
and have awaited disposition for an unreasonable length of time. Neither has Relator
demonstrated that the trial court has abused its discretion or violated a duty imposed by
law. 
          Consequently, Relator’s petition for writ of mandamus is denied.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice