COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-226-CV

 

 

MARK ROTELLA, INDIVIDUALLY,                                         APPELLANTS



AND
MARK ROTELLA CUSTOM HOMES, INC. 

D/B/A
BENCHMARK CUSTOM HOMES

 

                                                   V.

 

DOZIER CABINET WORKS, INC.                                                APPELLEE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellants Mark Rotella,
individually, and Mark Rotella Custom Homes, Inc., d/b/a Benchmark Custom Homes[2]
appeal from the trial court=s default judgment in favor of Dozier Cabinet Works, Inc. (ADozier@).  We affirm.








The facts of this case are
well known to the parties, and the law is well settled.

        In their first issue, appellants contend
that the trial court abused its discretion by denying their motion for new
trial.  

We review a trial court=s denial of a motion for new trial for an abuse of discretion.[3]  Where, as here, a defendant receives service
of the lawsuit, a default judgment should be set aside only if the defendant
proves that (1) the default was neither intentional nor the result of conscious
indifference, but rather due to a mistake or accident, (2) the motion for new
trial sets up a meritorious defense, and (3) granting of a new trial would not
occasion delay or otherwise injure the plaintiff.[4]









To set up a meritorious
defense in a motion for new trial, the movant must Aallege facts which in law would constitute a defense to the cause of
action asserted by the plaintiff, and must be supported by affidavits or other
evidence proving prima facie that the defendant has such meritorious defense.@[5]  Mere allegations of beliefs or
legal conclusions are insufficient to set up a meritorious defense.[6]

In their motion for new trial
and attached affidavit, however, appellants merely alleged, without citation,
that the damages awarded in the default judgment were Aneither reasonable nor necessary.@  After carefully reviewing the
record, we hold that the trial court did not abuse its discretion in overruling
the motion for new trial because appellants failed to set up a meritorious
defense.[7]  Accordingly, we overrule appellants= first issue.  








In their second issue,
appellants argue that the trial court erred in holding Rotella vicariously
liable under the Texas Property Code because Ano contract exists within the record.@  Pursuant to Chapter 162 of the
Property Code, certain individuals, including owners or officers of a
contractor or subcontractor, may be held personally liable for misapplying
construction trust funds.[8]  The default judgment recites that the trial
court heard evidence and argument from Dozier and found that Rotella was an
officer of Benchmark and, therefore, Apersonally liable under Chapter 162 of the Texas Property Code.@  There is no reporter=s record to reveal what evidence was presented at the default judgment
hearing.  It is appellants= burden to request and bring forward a reporter=s record.[9]  Because appellants have failed to show error
in the trial court=s judgment,
we overrule their second issue.

Having overruled both of
appellants= issues, we
affirm the trial court=s judgment.

 

PER CURIAM

PANEL A: 
CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: 
January 31, 2008             











[1]See Tex. R. App. P. 47.4.





[2]We
refer to appellants collectively as Aappellants,@ to
Mark Rotella individually as ARotella,@ and
to Mark Rotella Custom Homes, Inc., d/b/a Benchmark Custom Homes as ABenchmark.@





[3]Dir.,
State Employees Workers= Comp. Div. v. Evans, 889
S.W.2d 266, 268 (Tex. 1994); Strackbein v. Prewitt, 671 S.W.2d 37, 38
(Tex. 1984).





[4]Fid.
& Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 574
(Tex. 2006); Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 393,
133 S.W.2d 124, 126 (1939).





[5]Ivy
v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966).





[6]See,
e.g., Luebbe v. Booth, No. 12-03-00289-CV, 2004 WL 1574224, at *3
(Tex. App.CTyler
July 14, 2004, pet. denied) (mem. op.) (holding allegations in motion for new
trial that Athe
alleged contract . . . is outside the statute of
frauds . . . [and appellees] have, in fact, breached their
own contract@
insufficient to set up meritorious defense), cert. denied, 544 U.S. 1067
(2005).





[7]Additional
defenses appear in appellants= motion for reconsideration
of the motion for new trial and Rotella=s affidavit in support
thereof.  This motion and affidavit,
however, were not before the trial court when it denied the motion for new
trial, the ruling which appellants appeal.





[8]Tex. Prop. Code Ann. ''
162.001B.033
(Vernon 2007); C & G, Inc. v. Jones, 165 S.W.3d 450, 453B54
(Tex. App.CDallas
2005, pet. denied).





[9]See Tex. R. App. P. 34.6(b).  The court reporter indicated to the clerk of
this court that she could not prepare a reporter=s
record because, despite calling three times and leaving three messages, she had
not received a response or down payment from Rotella or his attorney.