COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-226-CV

MARK ROTELLA, INDIVIDUALLY, APPELLANTS

AND MARK ROTELLA CUSTOM HOMES, INC. 

D/B/A BENCHMARK CUSTOM HOMES

V.

DOZIER CABINET WORKS, INC. APPELLEE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Mark Rotella, individually, and Mark Rotella Custom Homes, Inc., d/b/a Benchmark Custom Homes
(footnote: 2) appeal from the trial court’s default judgment in favor of Dozier Cabinet Works, Inc. (“Dozier”).  We affirm.

The facts of this case are well known to the parties, and the law is well settled.

   In their first issue, appellants contend that the trial court abused its discretion by denying their motion for new trial.  

We review a trial court’s denial of a motion for new trial for an abuse of discretion.
(footnote: 3)  Where, as here, a defendant receives service of the lawsuit, a default judgment should be set aside only if the defendant proves that (1) the default was neither intentional nor the result of conscious indifference, but rather due to a mistake or accident, (2) the motion for new trial sets up a meritorious defense, and (3) granting of a new trial would not occasion delay or otherwise injure the plaintiff.
(footnote: 4) 

To set up a meritorious defense in a motion for new trial, the movant must “allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.”
(footnote: 5)  Mere allegations of beliefs or legal conclusions are insufficient to set up a meritorious defense.
(footnote: 6)
 In their motion for new trial and attached affidavit, however, appellants merely alleged, without citation, that the damages awarded in the default judgment were “neither reasonable nor necessary.”  After carefully reviewing the record, we hold that the trial court did not abuse its discretion in overruling the motion for new trial because appellants failed to set up a meritorious defense.
(footnote: 7)  Accordingly, we overrule appellants’ first issue.  

In their second issue, appellants argue that the trial court erred in holding Rotella vicariously liable under the Texas Property Code because “no contract exists within the record.”  Pursuant to Chapter 162 of the Property Code, certain individuals, including owners or officers of a contractor or subcontractor, may be held personally liable for misapplying construction trust funds.
(footnote: 8)  The default judgment recites that the trial court heard evidence and argument from Dozier and found that Rotella was an officer of Benchmark and, therefore, “personally liable under Chapter 162 of the Texas Property Code.”  There is no reporter’s record to reveal what evidence was presented at the default judgment hearing.  It is appellants’ burden to request and bring forward a reporter’s record.
(footnote: 9)  
Because appellants have failed to show error in the trial court’s judgment, we overrule their second issue.

Having overruled both of appellants’ issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED:  January 31, 2008 
 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
We refer to appellants collectively as “appellants,” to Mark Rotella individually as “Rotella,” and to Mark Rotella Custom Homes, Inc., d/b/a Benchmark Custom Homes as “Benchmark.”

3:
Dir., State Employees Workers’ Comp. Div. v. Evans
, 889 S.W.2d 266, 268 (Tex. 1994); 
Strackbein v. Prewitt
, 671 S.W.2d 37, 38 (Tex. 1984).

4:
Fid. & Guar. Ins. Co. v. Drewery Constr. Co.
, 186 S.W.3d 571, 574 (Tex. 2006); 
Craddock v. Sunshine Bus Lines, Inc.
, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939).

5:
Ivy v. Carrell
, 407 S.W.2d 212, 214 (Tex. 1966).

6:
See, e.g.
,
 Luebbe v. Booth
, No. 12-03-00289-CV, 2004 WL 1574224, at *3 (Tex. App.—Tyler July 14, 2004, pet. denied) (mem. op.) (holding allegations in motion for new trial that “the alleged contract . . . is outside the statute of frauds . . . [and appellees] have, in fact, breached their own contract” insufficient to set up meritorious defense), 
cert. denied
, 544 U.S. 1067 (2005).

7:
Additional defenses appear in appellants’ motion for reconsideration of the motion for new trial and Rotella’s affidavit in support thereof.  This motion and affidavit, however, were not before the trial court when it denied the motion for new trial, the ruling which appellants appeal.

8:
Tex. Prop. Code Ann.
 §§ 162.001–.033 (Vernon 2007);
 C & G, Inc. v. Jones
, 165 S.W.3d 450, 453–54 (Tex. App.—Dallas 2005, pet. denied).

9:
See
 
Tex. R. App. P.
 34.6(b).  The court reporter indicated to the clerk of this court that she could not prepare a reporter’s record because, despite calling three times and leaving three messages, she had not received a response or down payment from Rotella or his attorney.