

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00168-CV
_____

STEPHEN PATRICK BLACK, APPELLANT

V.

DR. NICHOLAS EDD, PENILE PLETHYSMOGRAPH CLINICIAN II, APPELLEE

On Appeal from County Court
Lamb County, Texas
Trial Court No. CC-3415; Honorable James M. DeLoach, Presiding

May 31, 2022

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Stephen Patrick Black, proceeding *pro se* and *in forma pauperis*, appeals the trial court's order granting the plea to the jurisdiction filed by Appellee, Dr. Nicholas Edd, Penile Plethysmograph Clinician II, and dismissing Black's negligence suit. Black has been civilly committed to the Texas Civil Commitment Center in Lamb County,

Texas, a residential treatment center for sexually violent predators. Black originally sued Dr. Edd, one of his treating psychologists, in the Justice Court of Lamb County, for allegedly providing false and misleading information in the biennial examination report regarding the results of a penile plethysmograph test (PPG).[1] Dr. Edd responded with a plea to the jurisdiction alleging the Justice Court of Lamb County lacked jurisdiction over Black's suit because jurisdiction was proper in the committing court—the 274th District Court of Guadalupe County, Texas. The justice court agreed and granted the plea to the jurisdiction and dismissed Black's suit without prejudice. Black filed a *de novo* appeal in the Lamb County Court. Again, Dr. Edd filed a plea to the jurisdiction which was granted, and Black appealed to this court. By his original brief and reply brief, he presents the following issues challenging the trial court's order granting the plea to the jurisdiction: (1) the trial court erred in granting Dr. Edd's plea to the jurisdiction because his case does not involve the biennial review under sections 841.101 through 841.103 of the Texas Health and Safety Code; (2) the trial court abused its discretion in denying him an opportunity to amend curable jurisdiction defects; and (3) the trial court abused its discretion in dismissing his motion for new trial. We affirm.

**BACKGROUND**

Black has been committed in the Texas Civil Commitment Center in Lamb County, Texas, since 2016. The Sexually Violent Predators Act requires a committed individual to receive a biennial examination. TEX. HEALTH & SAFETY CODE ANN. § 841.101(a). The

---

[1] A PPG test measures an individual's arousal to external stimuli and is used to evaluate the continued need for civil commitment. The data collected from the test is included in the expert's biennial examination and is provided to the trial court as well as other parties.

Civil Commitment Office contracts with an expert to perform that examination. *Id*. The report from that examination is then provided to the trial court for use in its biennial review of the committed individual's status.[2] §§ 841.101(b), 841.102(a).

Dr. Edd is the expert who performed the PPG test on Black in December 2019. By his pleading, Black criticized the manner in which the administrator (someone other than Dr. Edd) performed the test and alleged that equipment malfunction resulted in a "false-positive" reading of sexual arousal to external stimuli. He claimed that the administrator of the PPG test and Dr. Edd colluded to obtain the false reading which Dr. Edd then used in his biennial examination report addressing Black's progress with his treatment. He claimed Dr. Edd's conduct was negligent because it could potentially affect his release from civil commitment after the PPG test result was reported to the committing court and third parties involved in his treatment.

Black alleged that Dr. Edd owed him a duty to provide and convey truthful information regarding the compromised PPG test result. He further alleged that Dr. Edd breached that duty by submitting false information in his final work product which he alleged was the proximate cause of his injury. He sought monetary damages for $7,500 and exemplary damages for $2,000.

In response to Black's suit, Dr. Edd filed a plea to the jurisdiction alleging lack of jurisdiction by the Lamb County Court. The court agreed that jurisdiction was proper in

---

[2] A "biennial examination" and a "biennial review" are different matters with the former conducted by an expert and the latter by the trial court.

the committing court—the 274th District Court of Guadalupe County—and granted the plea to the jurisdiction.

### PLEA TO THE JURISDICTION

A plea to the jurisdiction is a dilatory plea that challenges a trial court's authority to decide the subject matter jurisdiction of a specific cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225-26 (Tex. 2004). Whether a trial court has subject matter jurisdiction is a question of law that we review *de novo. Tex. D.O.T. & Edinburg v. A.P.I. Pipe & Supply*, *LLC*, 397 S.W.3d 162, 166 (Tex. 2013); *Miranda*, 133 S.W.3d at 226. In doing so, we exercise our own discretion and redetermine each legal issue, without giving deference to the lower court's decision. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999) (op. on reh'g).

In deciding a plea to the jurisdiction, a court should construe the plaintiff's pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true factual allegations contained in the pleadings. *See Miranda,* 133 S.W.3d at 226, 228. A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence submitted by the parties, and it must do so, when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

### APPLICABLE LAW

Section 841.082(d) of the Code provides that the "*committing court retains jurisdiction of the case with respect to a proceeding conducted under* [Subchapter E], other than a criminal proceeding involving an offense under Section 841.085, *or to a civil*

4

*commitment proceeding conducted under Subchapters F* and *G*."[3]  § 841.082(d). (Emphasis added).  Subchapter F, entitled "Commitment Review" governs biennial examinations and biennial reviews.  *See* §§ 841.101, 841.102.  Section 841.102(a) provides that not later than the 60th day after the date of receipt of the report submitted under section 841.101 (the biennial examination report), the trial court shall conduct a biennial review of the status of the committed person and issue an order concluding the review or setting a hearing under subsection (c).[4]

**ANALYSIS**

By his first issue, Black contends the trial court erred in granting Dr. Edd's plea to the jurisdiction because his case does not directly involve the biennial review process. Black attempts to circumvent the jurisdictional question by arguing that his suit is a "straight forward case for negligence."  However, his complaint clearly shows that he sued Dr. Edd for allegedly providing false and misleading information via the PPG report conducted as an integral part of his statutorily required biennial examination and report. By paragraph 17 of his original petition, Black alleged as follows:

> the Defendant's malicious and negligent act or omission of inputting this false statement of fact, that the Plaintiff was aroused to certain stimuli, into his final work product is the direct and proximate cause of his injury. . . . the Defendant conveyed this false statement of fact to a third party, namely TCCO, who has now entered it into [its] case management system as a fact. . . . TCCO hired the Defendant to conduct a biennial review of his

---

[3] Section 841.082 is a poorly written statute.  While it can be argued that the exclusionary phrase "other than" applies to both a "criminal proceeding involving . . . Section 841.045" and a "civil commitment proceeding conducted under Subchapter F," we believe a more accurate reading of Legislative intent is to read the phrase as excluding only the criminal proceeding and not as excluding a civil proceeding conducted under Subchapter F.

[4] Subsection (c) provides for a hearing under certain circumstances.

progress in treatment between 2018-2020, and the Defendant utilized the false PPG report, and subsequently *reported the false information to the committing court as an opinion in his evaluation*.

(Emphasis added). We interpret Black's reference to Dr. Edd's "final work product" as the biennial examination report he was contracted to prepare pursuant to section 841.101(a). In paragraph 30 of his original petition, Black alleges that he was "falsely accused by the Defendant when he stated in his *final report* that [Black] was sexually aroused to certain external stimuli." (Emphasis added). Black's entire negligence case is based on Dr. Edd's biennial examination report and the manner in which it was conducted. In fact, in paragraph 34 of the petition, Black recites that he filed a motion in the committing court to have Dr. Edd disqualified from performing his 2020 biennial examination.

As noted by Dr. Edd, the trial court's order granting his plea to the jurisdiction recites that Black's claims "relate to the procedural fairness and subject matter of [Black's] civil commitment" and, as such, directly relates to proceedings conducted under Subchapter E of Chapter 841 of the Texas Health and Safety Code, thereby vesting the committing court, the 274th Judicial District Court of Guadalupe County, with exclusive jurisdiction over the suit. Accordingly, we conclude the trial court did not err in granting Dr. Edd's plea to the jurisdiction. Issue one is overruled.

By issue two, Black complains that he was not given an opportunity to amend his pleading to cure any jurisdictional defects. He contends his suit involves pure negligence claims and that Dr. Edd is "recasting" the suit to defeat jurisdiction in the Lamb County District Court. We disagree.

6

When pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and a plaintiff should be afforded an opportunity to amend the pleading to cure the defects. *Miranda*, 133 S.W.3d at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend.[5]

Here, Black's pleading demonstrates that he was challenging Dr. Edd's biennial examination report via his previously filed negligence suit. As noted, section 841.082(d) requires such a complaint to be filed in the committing court—the 274th District Court of Guadalupe County. Black's pleading deficiency was incurable. The trial court did not abuse its discretion in denying Black an opportunity to amend his petition. Issue two is overruled.

By his third issue, Black asserts abuse of discretion by the trial court in dismissing his motion for new trial. We disagree.

A motion for new trial is addressed to the sound discretion of the trial court. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). A trial court's ruling on a motion for new trial will not be disturbed absent a showing of an abuse of discretion. *Id*. In the underlying case, the trial court found it did not have jurisdiction over Black's suit and properly granted Dr. Edd's plea to the jurisdiction. Thus, the record does not establish

---

[5] On May 2, 2022, the Lamb County Clerk supplemented the clerk's record with additional documents that Black requested. This court has reviewed those documents and concludes they do not contain any facts that would cure the jurisdictional defects of Black's suit. Black filed a fourth motion to abate and compel more supplementation that was denied by letter on May 10, 2022.

that the trial court abused its discretion in allowing the motion for new trial to be overruled by operation of law.  Issue three is overruled.

**CONCLUSION**

The trial court's *Order Granting Defendant Nicholas Edd's Plea to the Jurisdiction* is affirmed.

Patrick A. Pirtle
Justice