**SCENIC MOUNTAIN MEDICAL CEN-TER, a/k/a Big Spring Hospital Corporation, Appellant,**

**v.**

**Melissa CASTILLO, Individually and as Next Friend for Matthew Castillo, A Minor Child, Appellee.**

**No. 08–03–00380–CV.**

Court of Appeals of Texas, El Paso.

Jan. 27, 2005.

---

G. Ben Bancroft, Bancroft & Mouton, Big Spring, for Appellant.

Robert E. White, Childs, Bishop & White Law Offices, Odessa, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the granting of a default judgment against Appellant, Scenic Mountain Medical Center, a/k/a Big Spring Hospital Corporation. For the reasons stated, we affirm the judgment of the trial court.

## I. PROCEDURAL HISTORY

In her original petition filed April 11, 2003, Appellee herein, filed suit against Eddie Michael Hughes and Brandon Hughes, alleging a right to recover for personal injuries to the minor Plaintiff incurred as a result an automobile accident. In that petition, Appellee named Scenic Mountain Medical Center, a/k/a Big Spring Hospital Corporation as a party claiming an interest in the matter made the subject of the original petition. Service upon the interested party was perfected by service on its registered agent by certified mail on April 24, 2003 with a proper return of service filed on May 1, 2003. The answer was due on May 19, 2003 and a default judgment was filed on May 20, 2003. The cause involving Appellants was severed on May 20, 2003. The Appellants filed a motion for new trial on June 19, 2003 and a hearing on the Appellant's motion for new trial was held on August 7, 2003. An order denying Scenic Mountain Medical Center, a/k/a Big Spring Hospital Corporation's motion for new trial was filed on August 12, 2003. This appeal was timely filed on August 18, 2003.

## II. DISCUSSION

In its sole complaint, Scenic Mountain Medical Center, a/k/a Big Spring Hospital Corporation asserts that the trial court abused its discretion in denying Appellant's motion for new trial after entry of a default judgment against Appellant.

### A. Standard of Review– Abuse of Discretion

A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987); *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984).

In *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939), the Supreme Court established the guiding rule or principal which trial courts must follow when presented with a

motion for new trial after a default judgment has been entered. A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Cliff,* 724 S.W.2d at 779; *Craddock,* 133 S.W.2d at 126. A trial court abuses its discretion by not granting a new trial when all three elements of the *Craddock* test are met. *Director, State Employees Workers' Compensation Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994).

### B.  *Summary of the Evidence*

■■■■■■ In determining whether the failure to answer was due to intentional conduct or conscious indifference, we must look to the knowledge and acts of the defendant as shown by all the evidence contained in the record before the court. *Evans,* 889 S.W.2d at 269; *Strackbein,* 671 S.W.2d at 38–39. If the factual assertions in the defendant's affidavits are not controverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant. *Strackbein,* 671 S.W.2d at 38–39. However, conclusory allegations are insufficient. *Holt Atherton Industries, Inc. v. Heine,* 835 S.W.2d 80, 82 (Tex. 1992); *Folsom Investments, Inc. v. Troutz,* 632 S.W.2d 872, 875 (Tex.App.-Ft. Worth 1982, writ ref'd n.r.e.). To determine if the defendant's factual assertions are controverted, the court looks to all the evidence in the record. *Evans,* 889 S.W.2d at 269. The defaulting defendant has the burden of proving all three elements of the *Craddock* test are met before

a trial court is required to grant a motion for new trial. *Sunrizon Homes v. Fuller,* 747 S.W.2d 530 (Tex.App.-San Antonio 1988, writ denied). In contravention of the Defendant's case, the nonmovant may present evidence tending to show intentional or consciously indifferent conduct creating a question for the trial court to determine. *See, Young v. Kirsch,* 814 S.W.2d 77, 80–81 (Tex.App.-San Antonio 1991, no pet.). *Jackson v. Mares,* 802 S.W.2d 48, 50 (Tex.App.-Corpus Christi 1990, writ denied). The defaulting defendant bears the burden of setting forth facts that prove all three elements of the *Craddock* test are met. *Sunrizon Homes, Inc.,* 747 S.W.2d at 532.

In this case, Appellant's affirmative allegations as stated in the affidavit of Jennifer L. Prater, attached to its motion for new trial are controverted by her testimony elicited during the hearing. Ms. Prater's conclusory statement that "Scenic Mountain was mistaken in [its] belief and its failure to file an answer was not intentional or the result of conscious indifference, but was a mistake or accident" is not sufficient to establish a showing that Scenic Mountain's failure meets the threshold test of *Craddock.* Ms. Prater's testimony established that she, in fact, did not know the reason for the failure to file an answer by Corporate Office. Ms. Prater was not aware of the fact that the lawsuit had not been answered until late June 2003. Further, she testified that she had no knowledge about whether the failure to answer was the result of conscious indifference or an accident or mistake on the part of either the registered agent who had been served with the lawsuit or the corporate office. The appropriate witnesses, either the registered agent, or a corporate office representative with personal knowledge of the facts and circumstances surrounding

the failure to answer, did not appear in person or by affidavit.

The trial court was well within its discretion in determining that the evidence presented by Scenic Mountain was not sufficient to meet the first prong of the *Craddock* test. Ms. Prater's testimony does not establish that Scenic Mountain's conduct was not intentional or consciously indifferent or due to a mistake or accident. Because Scenic Mountain did not satisfy the first element of the *Craddock* test, we do not need to determine whether the defense alleged by Scenic Mountain was meritorious or whether the granting of the motion will cause delay or injury to the plaintiff. Appellants sole issue on review is overruled.

Having overruled Appellant's sole issue on review, we affirm the judgment of the trial court.