COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

21ST CENTURY HOME MORTGAGE    §

AKA: 21ST MORTGAGE                       No. 08-06-00189-CV

CORPORATION,                      §

                                 Appeal from the

            Appellant,         §

                            409th Judicial District Court

v.                         §

                            of El Paso County, Texas

                        §

CITY OF EL PASO,                    (TC# 2004TX553)

                        §

           Appellee.

## **O P I N I O N**

This appeal is from a tax delinquency suit brought by the City of El Paso ("the City"). The trial court entered a default judgment in the City's favor and 21st Century Home Mortgage ("21st Century") filed a motion for new trial. The trial court denied the motion. 21st Century presents three issues for review: (1) whether the trial court should have granted the motion for new trial for good cause; (2) whether 21st Century Mortgage satisfied the requirements outlined in *Craddock v. Sunshine Bus Lines, Inc.*; and (3) whether the trial court should have granted a new trial because the damages assessed against 21st Century in the default judgment were manifestly too large.

21st Century Mortgage Company was the mortgage lienholder on a mobile home owned by Robert and Romelia Dickson, of El Paso. In August 2001, the Dicksons defaulted on the mortgage and 21st Century peacefully repossessed the property. The mortgage company re-sold the home to a buyer in New Mexico in 2002.

The City filed the tax delinquency lawsuit underlying this appeal on September 2, 2004,

alleging Mr. Dickson owed back-taxes, penalties, and interest related to his mobile home. Subsequently, the El Paso Central Appraisal District notified the City that Mr. Dickson was no longer the owner of the property. On October 3, 2005, the City filed its second amended petition to include 21st Century as a defendant. 21st Century was served with process on October 27, 2005, through its attorney and registered agent for service of process, Bruce Johnson. The trial court entered a default judgment in the City's favor on March 23, 2006. 21st Century filed a motion for new trial arguing that its failure to answer was an accident due to the fact that the company was not named as a defendant in the original petition.[1] The trial court denied the motion and 21st Century appeals.

Turning first to Issue Two, a trial court's decision to deny a motion for new trial is subject to review for an abuse of discretion. *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). In the context of a default judgment, the defendant must show: (1) the failure to answer before the judgment was not intentional or the result of conscious indifference, but was due to a mistake or accident; (2) the motion for new trial presents a meritorious defense; and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Fidelity & Guar. Ins. Co. v. Drewery Const. Co., Inc*, 186 S.W.3d 571, 574 (Tex. 2006), *citing Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

---

[1] 21st Century received service of process pursuant to Texas Rule of Civil Procedure 117a, which governs the issuance of citation in suits for the collection of delinquent taxes. *See* TEX.R.CIV.P. 117a. While the citation must contain specified information about the property, taxes, and penalties, a copy of the plaintiff's petition is not required. *See* TEX.R.CIV.P. 117a(4). Following the Rule 117a citation, Mr. Johnson's office requested a copy of the original petition in the case. According to Mr. Johnson's affidavit, he was not aware that the petition had been amended, and determined that there was no need for 21st Century to file an answer as the company was not named as a defendant.

A trial court abuses its discretion by denying a motion for new trial which meets the *Craddock* requirements. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994).

To determine whether a party acted with conscious indifference in failing to answer the suit, we look to the party's knowledge and acts and the knowledge and acts of the party's attorney. *Continental Cas. Co. v. Davilla*, 139 S.W.3d 374, 382 (Tex.App.--Fort Worth 2004, pet. denied). A party acts with conscious indifference by failing to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances. *Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615, 618 (Tex.App.--El Paso 1988, no writ). Where the movant's evidence is not controverted, the motion should be granted so long as it sets forth facts that if true, would negate the presence of intentional or consciously indifferent. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38-9 (Tex. 1984). If the non-movant does present controverting evidence, the issue becomes a fact question for the trial court. *See Ybarra*, 751 S.W.2d at 618; *Padrino Maritime, Inc. v. Rizo*, 130 S.W.3d 243, 248 (Tex.App.--Corpus Christi 2004, no pet.). To determine whether the movant's factual allegations are controverted, the court considers the entire record. *Scenic Mountain Medical Center v. Castillo*, 162 S.W.3d 587, 590 (Tex.App.--El Paso 2005, no pet.). When, as in this case, we do not have the benefit of the trial court's findings of fact and conclusions of law, we will uphold the judgment on any theory supported by the evidence. *See Strackbein*, 671 S.W.2d at 38.

In the motion for new trial, 21st Century argued that its failure to answer the suit was not the result of conscious indifference based on its attorney's belief that the mortgage company was

not a party to the lawsuit.[2]  According to Bruce Johnson's affidavit, having reviewed the original petition, he determined that 21st Century was not a party to the lawsuit, and was confused about why his client had been served.  Mr. Johnson also stated that, "I never read from the citation that a second amended petition had been filed in this matter."

In contrast to 21st Century's evidence, the record contains a copy of the tax citation served on the mortgage company.  The first two paragraphs of the notice state as follows:

> **YOU HAVE BEEN SUED**.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next after the expiration of 20 days after you were served this citation, a default judgment may be taken against you.  The clerk who issued this citation is located at:  **El Paso County Courthouse. 1st Floor, Room 103, El Paso, Texas 79901.**
>
> Plaintiff's Second Amended Petition was filed in the 409th Judicial District, El Paso County, Texas on the 3rd day of October, 2005 against: 21st Century Home Mortgage aka 21st Mortgage Corporation and Romelia Dickson, Defendant(s) in suit numbered **NO. 2004TX553** and styled:  **City of El Paso v. Robert L. Dickson**.  [Emphasis in original].

This evidence contradicts the mortgage company's assertions that it did not know it was a party to the suit, and was not aware of the second amended petition.  Given the contradictory nature of the evidence offered, it was within the trial court's discretion to determine the fact issue in the City's favor.  *See Castillo*, 162 S.W.3d at 591; *Ybarra*, 751 S.W.2d 618.  Therefore, the trial court did not abuse its discretion by denying the motion for new trial.  As 21st Century has not established element one of the *Craddock* test, there is no reason to address the second and third elements.  *See Castillo*, 162 S.W.3d at 591.  Issue Two is overruled.

---

[2] To the extent 21st Century has attempted to raise additional theories to demonstrate its lack of conscious indifference, the arguments were not included in the motion for new trial, and therefore, were not preserved for our review.  *See* TEX.R.APP.P. 33.1(a).

In Issue Three, 21st Century contends the trial court should have granted a new trial on the ground that the damages assessed in the default judgment were manifestly too large because they were improperly based on personal liability rather than as an in rem judgment. This issue has been waived however, as 21st Century has failed to provide an adequate brief. Texas Rule of Appellate Procedure 38.1(h) requires that a brief contain a clear and concise argument in support of the contentions made, including citations to the record and appropriate authority. *See* TEX.R.APP.P. 38.1(h). 21st Century's argument in support of Issue Three consists of three paragraphs of factual statements, one reference to Texas Rule of Civil Procedure 320, and contains the names of two Texas cases. The section contains no legal analysis. Without more, the issue has not been adequately briefed and is waived. *See* TEX.R.APP.P. 38.1(h); *Vickery v. Vickery*, 999 S.W.2d 342, 352-53 (Tex. 1999).

We will also decline to address Issue One for similar reasons. In Issue One, 21st Century contends it is entitled to a new trial for good cause. However, argument on the issue is completely absent from the brief. As Issue One has not been briefed, it is also waived. *See* TEX.R.APP.P. 38.1(h); *Vickery*, 999 S.W.2d at 352-53. Issues Two and Three are overruled.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.


May 22, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.


-5-