**Affirmed and Opinion Filed December 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00484-CV**
_____

**CHLOE'S CONCEPTS, LLC, ROBERT CONNER AND SARAH CONNER,**
**Appellants**
**V.**
**CLEAR RAINBOW, INC., Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-18789**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Nowell

This is an appeal from the denial of a motion for new trial following a no-answer default judgment. We conclude appellants failed to show their failure to answer the lawsuit was not intentional or the result of conscious indifference. Therefore, the trial court did not abuse its discretion by denying the motion for new trial. We affirm the trial court's judgment.

## Background

Clear Rainbow, Inc. sued Chloe's Concepts, LLC, Robert Conner, Sarah Conner, and other defendants for breach of two promissory notes. The other

defendants are not parties to this appeal. The defendants were served but did not answer the lawsuit. Clear Rainbow filed a motion for default judgment supported by affidavits from its president and its attorney. The trial court rendered a default judgment against all defendants on January 27, 2020. Chloe's Concepts, Robert Conner, and Sarah Conner filed a motion for new trial to set aside the default judgment under the standards set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The motion was overruled by operation of law without a hearing.

In its petition, Clear Rainbow alleged that Chloe's Concepts and Robert Conner signed promissory notes in the amounts of $117,500.00 and $50,000.00 on February 18, 2014. On April 11, 2015, Brickyard Enterprises and Mark Aiken assumed the obligations on the notes by executing a Consent and Assumption Agreement (assumption agreement) with Chloe's Concepts and Robert Conner. Clear Rainbow consented to the assumption but did not release Chloe's Concepts or Robert Conner from their obligations on the notes. Clear Rainbow alleged insufficient payments were made on the notes, that the notes had been accelerated, and the total balance due and owing was $137,325.90. Clear Rainbow sought post-maturity interest at the rate of ten percent per annum from the accelerated maturity date of March 11, 2019 and attorney's fees.

Clear Rainbow also alleged that Chloe's Concepts forfeited its right to do business on January 26, 2019 for failure to file a report or pay a tax or penalty. It

further alleged that the claims made the basis of this lawsuit were created or incurred on March 11, 2019, and, pursuant to tax code section 171.251, each officer and director of Chloe's Concepts was liable for debts created or incurred after the report, tax, or penalty became due. Clear Rainbow asserted Sarah Conner was an officer or director of Chloe's Concepts at the time the debt was created or incurred. Copies of the notes and assumption agreement were attached to the petition. The petition also included requests for admissions and for disclosures.

When the defendants failed to answer, Clear Rainbow filed a motion for default judgment supported by the affidavit of its president, David Sheu, and an affidavit for attorney's fees. Attached to Sheu's affidavit were several pages of business records of Clear Rainbow. Sheu identified calculations of pre- and post-maturity balances of "Defendants' indebtedness" in those records. He stated that based on the attached records, the defendants' principal balance was $128,259.86 and prejudgment interest was $11,069.00.

On January 27, 2020, the trial court signed a default judgment in favor of Clear Rainbow against all defendants. The judgment recites the court considered "the pleadings and other papers before the Court" and that "Plaintiff's claim is supported by the Affidavit of Plaintiff's authorized representative attached to Plaintiff's Motion for Default Judgment and incorporated therein." The court rendered judgment for damages in the amount of $128,259.86, prejudgment interest in the amount of $11,069.00, reasonable and necessary attorney's fees in the amount

of $4,010.22, conditional appellate attorney's fees, costs of court, and post-judgment interest.

Appellants filed a motion for new trial supported by the declaration of Robert Conner. He stated:

> I am a Defendant herein, the managing member of Chloe's Concepts, LLC, and am married to Sarah Conner, both additional Defendants herein.
>
> I declare under penalty of perjury that the foregoing is true and correct, and also the following:
>
> 1.      Immediately preceding the entry of the January 27, 2020 default judgment, on my own behalf and on behalf of the limited liability company and my wife, I was in discussions with Plaintiff's counsel regarding a resolution which would not require court intervention and did not understand that we must file an answer to prevent a default judgment;
>
> 2.      I believed during that time that the request for a money judgment was excessive, and that we could work out some other arrangements short of court involvement;
>
> 3.      I did not know that counsel would seek a default while we were in discussions.

The motion for new trial was overruled by operation of law without a hearing.

Appellants raise four issues on appeal. They contend the trial court abused its discretion by denying the motion for new trial because they established all of the *Craddock* factors, the trial court erred by granting the default judgment without a hearing on damages, the claim presented was unliquidated and required proof of damages, and the court erred by granting judgment against Sarah Conner because she was not an obligor on the notes.

–4–

## Standard of Review

"[A] default judgment should be set aside and a new trial granted when the defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (citing *Craddock*, 133 S.W.2d at 126); *see Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012). We review a trial court's refusal to grant a motion for new trial for abuse of discretion. *See*, *Dolgencorp*, 288 S.W.3d at 926; *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987). A trial court abuses its discretion if it fails to grant a new trial when all three elements of the *Craddock* test are met. *Dolgencorp*, 288 S.W.3d at 926; *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). The defaulting defendant has the burden of proving all three elements of the *Craddock* test before a trial court is required to grant a motion for new trial. *Scenic Mountain Med. Ctr. v. Castillo*, 162 S.W.3d 587, 590 (Tex. App.—El Paso 2005, no pet.); *Freeman v. Pevehouse*, 79 S.W.3d 637, 641 (Tex. App.—Waco 2002, no pet.).

"Consciously indifferent conduct occurs when 'the defendant knew it was sued but did not care.'" *Sutherland*, 376 S.W.3d at 755 (citing *Fid. & Guar. Ins. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 576 (Tex. 2006)). "Generally, 'some excuse, although not necessarily a good one, will suffice to show that a defendant's

failure to file an answer was not because the defendant did not care.'" *Id.* (citing *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006)).

In determining whether a failure to appear was due to intentional disregard or conscious indifference, we must look to the knowledge and acts of the defendant. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984). Where the factual allegations in a movant's affidavits are not controverted, it is sufficient that the motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Strackbein*, 671 S.W.2d at 38–39.

### Analysis

Appellants argue they satisfied the first element of the *Craddock* test because Robert Conner stated he thought he was working out a settlement that would make court involvement unnecessary and did not understand they had to file an answer to prevent a default.

A mistake of law may satisfy the first element of *Craddock*. *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992). However, "not every act of a defendant that could be characterized as a mistake of law is sufficient excuse." *Walker v. Gutierrez*, 111 S.W.3d 56, 63 (Tex. 2003); *see Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992) (uncontroverted affidavit that defendant did not answer because it did not think it could be held liable was insufficient to negate conscious indifference).

The defaulting party has the burden to present facts establishing all three parts of the *Craddock* standard. *Chapple v. Hall*, No. 05-18-01209-CV, 2019 WL 2482628, at *2 (Tex. App.—Dallas June 14, 2019, no pet.). In *Chapple*, we said:

> [W]ith respect to the first *Craddock* element, Chapple's motion asserted that Chapple was "unsophisticated in legal matters" and did not understand he was required to file an answer and thought he would receive a hearing notice before any judgment was rendered. Not understanding a citation and then doing nothing after being served does not constitute a mistake of law that is sufficient to meet the first *Craddock* element.

*Id.*

The same reasoning applies here. Robert Conner stated that he did not understand appellants must file an answer to prevent a default judgment, that he believed they "could work out some other arrangements short of court involvement," and he did not know plaintiff's counsel would seek a default while they were in discussions. However, he did not dispute that appellants were served. Thus, the trial court could reasonably conclude appellants knew they had been sued yet they failed to respond to the lawsuit in some way. *See id.*

Robert Conner's declaration also states he was in discussions with plaintiff's counsel regarding a resolution that would not require court intervention.[1] Settlement negotiations may be a valid excuse for failing to answer where there is some basis for the defendant to believe default would not be taken while negotiations were in

---

[1] On appeal, appellants state that although the declaration states the discussions were with appellee's counsel, they were actually with appellee itself.

progress. *See Diagnostic Clinic of Longview, P.A. v. Neurometrix, Inc.*, 260 S.W.3d 201, 205 (Tex. App.—Texarkana 2008, no pet.). Specifically, a defendant may establish a lack of conscious indifference through evidence that statements made during settlement negotiations caused him to believe that no default judgment would be taken while the discussions were taking place. *Id.* at 205 & n.1 (noting that parties' settlement negotiations included that "there was to be no judgment entered . . . so long as negotiations were taking place"); *Gotcher v. Barnett*, 757 S.W.2d 398, 402 (Tex. App.—Houston [14th Dist.] 1988, no writ) (concluding that settlement negotiations were a valid excuse for failing to file an answer when, based on settlement negotiations, the defendant believed that the plaintiff would dismiss the lawsuit).

Here, appellants produced no evidence of any statement by appellee that would give them reason to believe that appellee would not take a default judgment. *See Meador v. Meador*, No. 11-17-00235-CV, 2019 WL 3765218, at *3 (Tex. App.—Eastland Aug. 8, 2019, pet. denied) (mem. op.) (affirming denial of motion for new trial where appellant did not file answer even though he knew he had been sued and presented no evidence he had reason to believe appellee would not take a default judgment); *Pentes Design, Inc. v. Perez*, 840 S.W.2d 75, 79 (Tex. App.—Corpus Christi 1992, writ denied) ("Pentes' conclusory allegation that the lawsuit was being 'resolved on a semi-informal basis,' together with the exhibits supposedly

supporting this allegation, shows no indication of settlement or other excuse for [the] failure to answer as required.").

We conclude appellants have not satisfied the first *Craddock* element. *See Craddock*, 133 S.W.2d at 126. Consequently, the trial court did not abuse its discretion by denying appellants' motion for new trial. *See Dolgencorp*, 288 S.W.3d at 926; *Old Republic Ins. Co.*, 873 S.W.2d at 382. We overrule appellants' first issue. Because appellants failed to establish the first element of the *Craddock* test, we need not address appellants' fourth issue, which concerns whether Sarah Conner had a meritorious defense to the claim. *See* TEX. R. APP. P. 47.1.

Appellants' second and third issues argue the claim for damages was unliquidated and required the court to hold an evidentiary hearing to determine the amount of damages.

A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except for unliquidated damages. *Holt Atherton Indus.*, 835 S.W.2d at 83; *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984). Under rules of procedure 241 and 243, proof is required only with respect to damages which are either unliquidated or not proven by a written instrument. TEX. R. CIV. P. 241, 243.

If a claim is unliquidated or not proved by an instrument in writing, the court must hear evidence as to damages. TEX. R. CIV. P. 243. The requirement that the court "hear evidence" may be satisfied by affidavits submitted in support of a motion

–9–

for default judgment. *See Tex. Commerce Bank v. New*, 3 S.W.3d 515, 516–17 (Tex. 1999) (per curiam) (holding that, in no-answer default judgment, affidavits, as unobjected-to hearsay, constitute probative evidence, thereby satisfying Rule 243's requirement for evidence of unliquidated damages); *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 36 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding affidavit in support of motion for default judgment satisfied Rule 243's hearing requirement without need of holding evidentiary hearing); *Barganier v. Saddlebrook Apartments*, 104 S.W.3d 171, 173 (Tex. App.—Waco 2003, no pet.) (holding evidence of unliquidated damages may be supplied by affidavits filed in support of motion for default judgment).

Here, Clear Rainbow submitted affidavits and documents as evidence of its damages with the motion for default judgment. And the trial court found that "Plaintiff's claim is supported by the Affidavit of Plaintiff's authorized representative attached to Plaintiff's Motion for Default Judgment and incorporated therein." Thus, even if Clear Rainbow's damages are unliquidated, the trial court heard evidence as to the amount of damages.

On appeal, Appellants complain that the affidavit of Clear Rainbow's president does not state when default occurred but merely concludes the past due amount was $128,259.86 and that prejudgment interest was $11,069.00. However, "[t]estimony of the total amount due under a written instrument is legally sufficient to support an award of that amount in a default judgment proceeding." *New*, 3

S.W.3d at 517. Further, Sheu's statement is supported by the records attached to his affidavit.[2]

Appellants also contend that the calculations attached to Sheu's affidavit are not business records under evidence rule 803(6). TEX. R. EVID. 803(6). However, this objection was not raised in the trial court and is not preserved for appeal. TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a); *see also* TEX. R. EVID. 802 ("Inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay.").

We overrule appellants' second and third issues.

## Conclusion

Appellants have failed to show that the trial court abused its discretion by denying the motion for new trial. We affirm the trial court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

200484f.p05

---

[2] The payment schedules show the last payments on the notes were made in March 2017. On March 1, 2019, Clear Rainbow's attorney sent a notice of default letter to appellants and gave them ten days to cure the default or Clear Rainbow intended to accelerate the maturity of the notes. On August 12, 2019, the attorney sent a demand letter for the accelerated debt and post-maturity interest in the amount of $133,565.95. The documents also include prejudgment interest calculations.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHLOE'S CONCEPTS, LLC, ROBERT CONNER AND SARAH CONNER, Appellants

No. 05-20-00484-CV        V.

CLEAR RAINBOW, INC., Appellee

On Appeal from the 68th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-18789. Opinion delivered by Justice Nowell. Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CLEAR RAINBOW, INC. recover its costs of this appeal from appellants CHLOE'S CONCEPTS, LLC, ROBERT CONNER AND SARAH CONNER.

Judgment entered this 20th day of December, 2021.