

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00315-CV

———————————————

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RMTP TRUST SERIES 2021 COTTAGE-TT-V, Appellant

V.

BUSINESS UNLIMITED 27, LLC, Appellee

---

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-362639-25

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Concurring Memorandum Opinion by Justice Wallach

## CONCURRING MEMORANDUM OPINION

I concur with the majority opinion that the trial court's default judgment should be affirmed because USB failed to satisfy the second prong of the *Craddock* test. I would hold that USB also failed to meet the first prong of the *Craddock* test.

## I.      Background

According to Appellee's (Unlimited) original petition in its suit to quiet title, the genesis of this saga occurred on May 21, 2013, when Michael Jackson, Unlimited's predecessor in interest, took title to the real property in question, recording his deed in the Tarrant County deed records. He simultaneously executed a deed of trust in favor of Mortgage Electronic Registration Systems as nominee for R. H. Lending, Inc., which was also recorded in the deed records. Unlimited alleged that USB now claims ownership of Jackson's deed of trust through a chain of assignments, recording its assignment on March 7, 2023. However, Unlimited alleged that USB's predecessor accelerated the note secured by the deed of trust no later than December 13, 2016, when it filed a Notice of Substitute Trustee's Sale. Unlimited claimed it acquired the property at an HOA lien sale on November 13, 2024, and recorded its deed. Unlimited requested that the trial court quiet title in its name and declare the prior deed of trust unenforceable because the statute of limitations had expired on the unexecuted powers of sale. *See* Tex. Civ. Prac. & Rem. Code § 16.035.

Unlimited requested service of process on USB's registered agent, C.T. Corporation System in Dallas, Texas, which occurred on March 17, 2025. USB did not

answer or appear before the answer date and a default judgment was taken on April 9, 2025. USB filed its Motion for New Trial on April 30, 2025. Although the motion referenced an affidavit as being attached, none was. Unlimited filed its Response to Motion for New Trial on May 19, 2025. The affidavit of Michael G. Patiuk, offered in support of the Motion for New Trial by USB, was not filed until May 23, 2025, more than thirty days after the judgment was signed and shortly before the hearing on the Motion for New Trial. A Zoom hearing was held on the motion on May 23, 2025. No evidence was offered or admitted. The court denied the Motion for New Trial on the record and also by written order signed the same day. This appeal ensued.

## II. No Abuse of Discretion in Denial of Motion for New Trial

The standard of review for a denial of a motion for new trial following a no-answer default judgment is an abuse of discretion *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939); *1 Solar Solution, LLC v. S&A Wholesale Inc.*, No. 02-25-00220-CV, 2025 WL 2989767, at *2 (Tex. App.—Fort Worth Oct. 23, 2025, no pet.) (mem. op.); *Century Sports Wears, Inc. v. Wallis Bank*, No. 02-20-00201-CV, 2021 WL 1685957, at *1 (Tex. App.—Fort Worth Apr. 29, 2021, pet. denied) (mem. op.). Under the first prong of the *Craddock* test, when a defendant relies on his agent to file an answer, he must demonstrate that both he and his agent were free of intent or conscious indifference and that the failure to timely answer was due to accident or mistake. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *1 Solar Solution, LLC*, 2025 WL 2989767, at *4.

To support the motion for new trial, the defendant must make factual allegations that are supported by evidence, such as affidavits, setting forth facts which, if true, satisfy the *Craddock* standard. *1 Solar Solution, LLC*, 2025 WL 2989767, at *3. "Affidavits attached to the motion for new trial do not have to be offered into evidence in order to be considered by the trial court for the meritorious defense element or any other element of the *Craddock* test." *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("A motion for new trial to set aside a default judgment is a complaint on which evidence must be heard.").

Affidavits cannot be conclusory, and they must be factually sufficient to establish that the failure to answer was the result of accident or mistake, and not the result of intent or conscious indifference. *See Holt Atherton Indus., Inc.*, 835 S.W.2d at 82 (stating that conclusory allegations in affidavits are insufficient); *1 Solar Solution, LLC*, 2025 WL 2989767, at *4; *Century Sports Wears, Inc.*, 2021 WL 1685957, at *5; *Motiograph, Inc. v. Matthews*, 555 S.W.2d 196, 197 (Tex. App.—Dallas 1977, writ ref'd n.r.e.). Factually insufficient, conclusory affidavits will not support a reversal for abuse of discretion in denying a motion for new trial. *1 Solar Solution, LLC*, 2025 WL 2989767, at *4; *Uptown RE Invs., LLC v. COP Enters., LLC*, No. 05-24-00906-CV, 2025 WL 1261944, at *4 (Tex. App.—Dallas Apr. 30, 2025, no pet.) (mem. op.); *Century Sports Wears, Inc.*, 2021 WL 1685957, at *5.

4

The only evidence offered by Appellant in support of its Motion for New Trial was the affidavit of Michael G. Patiuk.[1] He identified himself as a Vice President of U.S. Bank National Association. His affidavit was sworn before a notary public in Ramsey County, Minnesota. Mr. Patiuk did not identify where he lives, where his work with the Bank is located, or what his duties and responsibilities are. Although he stated that he has personal knowledge of the facts stated, he did not demonstrate the factual bases for this conclusion. Additionally, he did not establish that he had any position with C.T. Corporation, Appellant's registered agent for service of process, or how he might have gained knowledge of facts about how business is conducted at C.T.'s Corporation's office in Dallas, Texas, where the service of process occurred.

Mr. Patiuk's affidavit, relative to the issue of the failure to file a timely answer, stated

> On March 17, 2025, Plaintiff's Original Petition and Citation were delivered to the office of Defendant's registered agent, at 1999 Bryan St., Dallas, TX 75201. However, due to an administrative oversight, Defendant's intake procedures were not followed. Specifically, Plaintiff's Original Petition and Citation were never uploaded into Defendant's legal tracking system. Consequently, Defendant was unaware that it had been served. Defendant also has no record of receiving Plaintiff's Motion for Default Judgment, nor does Defendant have any record of receiving notice of any hearing on Plaintiff's Motion for Default Judgment.

[1]For purposes of this concurrence, I am assuming that this affidavit was properly before the court for consideration since Appellee's counsel represented to the trial court during the Zoom hearing that he did not oppose the late filing of the affidavit. Otherwise, it would have been a nullity without the trial court having granted permission for late filing. *Henderson v. Henderson*, No. 03-10-00531-CV, 2011 WL 2768549, at *4 (Tex. App.—Austin July 13, 2011, pet. struck) (mem. op.).

> Defendant's failure to file an answer prior to, or appear on or before its appearance day, or file an answer sufficient to place the merits of Plaintiff's claims in issue, was the result of a mistake and not due to intentional or conscious indifference.

This affidavit is conclusory and factually insufficient in the following respects:

1) it fails to establish how the affiant had any personal knowledge of how C.T. Corporation, its agent for service of process, handled the process in question and why its mishandling of the process was accidental or mistaken or not the result of intent or conscious indifference;

2) it fails to establish how the affiant had any personal knowledge of the "[d]efendant's intake procedures" and fails to factually explain how they were not followed;

3) it concludes that there was an "administrative oversight" by C.T. Corporation, which was the reason for the mishandling, but offers no factual basis to support this conclusion;

4) it concludes that the defendant's failure to answer in a timely fashion was the result of accident or mistake and not due to intent or conscious indifference but offers no factual support for this conclusion other than the factually insufficient conclusion above; and

5) it is silent as to any grounds of a meritorious defense.

This type of conclusory and factually insufficient testimony regarding accident or mistake and lack of intent or conscious indifference in failing to timely answer will not support reversal for abuse of discretion by the trial court in denying a motion for new trial. *1 Solar Solution, LLC*, 2025 WL 2989767, at *5; *Uptown RE Invs., LLC*, 2025 WL 1261944, at *4; *Dixie House Café, Inc. v. Eckman*, No. 02-24-00280-CV, 2025 WL 285354, at *5–6 (Tex. App.—Fort Worth Jan. 23, 2025, no pet.) (mem. op.); *Century Sports Wears, Inc.,* 2021 WL 1685957, at *5; *see also Scenic Mountain Med. Ctr. v. Castillo*, 162 S.W.3d 587, 590–91 (Tex. App.—El Paso 2025, no pet.) (holding that

6

conclusory statements in an affidavit attached to a motion for new trial, which recited that the medical center's failure to answer was not intentional or the result of conscious indifference but was a mistake or accident, were contradicted by the affiant's trial testimony showing that she had no knowledge about what had actually transpired regarding the service and failure to answer and were of no effect). As stated in *Castillo*, "The *appropriate* witnesses, either the registered agent, or a corporate office representative with personal knowledge of the facts and circumstances surrounding the failure to answer, did not appear in person or by affidavit." 162 S.W.3d at 590–91 (emphasis added).[2]

For all these reasons I find no abuse of discretion in the trial court's denial of Appellant's Motion for New Trial and concur in the judgment to affirm the trial court's judgment.

/s/ Mike Wallach

Mike Wallach
Justice

Delivered: April 16, 2026

---

[2]The majority states that Unlimited's attorney "raised no challenge as to whether Patiuk's affidavit sufficed to establish lack of conscious indifference, the first prong of the *Craddock* test." However, the burden was on USB, not Unlimited, to prove that its failure to answer was not the result of intentional or consciously indifferent conduct but was due to accident or mistake, and conclusory statements in an affidavit are not sufficient to meet that test. *Holt Atherton Indus., Inc.*, 835 S.W. 2d at 82*; Polignone v. Bulldog Chemicals, LLC*, No. 01-16-00633-CV, 2018 WL 4128002, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op).